## FOURTH DEPARTMENT, MARCH, 1960

## (March 2, 1960)

■ ALTHEA SMITH et al., Infants, by LEVI SMITH, their Guardian ad Litem, et al., Respondents, v. WITTEMAN CO., INC., et al., Respondents, and COUNTY OF CATTARAUGUS, Appellant. REBECCA SMITH, Respondent, v. WITTEMAN CO., INC., et al., Respondents, and COUNTY OF CATTARAUGUS, Appellant. GEORGE KROENING, JR., Respondent, v. COUNTY OF ERIE et al., Respondents, and COUNTY OF CATTARAUGUS, Appellant. JULIA FOX, as Administratrix of the Estate of GERALD W. FOX, Deceased, Respondent, v. COUNTY OF ERIE et al., Respondents, and COUNTY OF CATTARAUGUS, Appellant.— Order denying motion for consolidation modified in the exercise of discretion, so as to direct a joint trial of all the actions, the trial to be held in Cattaraugus County, and, as so modified, unanimously affirmed, without costs of this appeal to any party. Memorandum: A collision between two automobiles took place on a highway bridge between Cattaraugus and Erie Counties. Four actions for damages were brought as a result of the accident, two in Cattaraugus County and two in Erie County. The Cattaraugus County actions were commenced first. A motion was made by Cattaraugus County, one of the defendants in all four actions, to consolidate the actions into a single action to be tried in Cattaraugus County. Erie County, which was also a defendant in all of the actions, consented to the consolidation. The plaintiffs in the actions brought in Erie County opposed the consolidation, upon the ground that there had been no showing of circumstances warranting a change of the venue of their actions. This was not a valid ground of objection. The court has the power, in an appropriate case, to order a consolidation or a joint trial of actions pending in two counties and to direct the trial to be held in one of the counties, thus incidentally changing the venue of the actions pending in the other county, without necessarily requiring a showing of circumstances which would have independently justified the change of venue. (*Gibbs* v. *Sokol*, 216 App. Div. 260; *James* v. *Buhrmaster*, 273 App. Div. 836.) The fact that the plaintiffs in some of the actions are also defendants in some of the other actions is not an insuperable obstacle to a consolidation of the actions. Upon consolidation, all the plaintiffs who are not defendants in any of the actions could be listed as plaintiffs in the consolidated action and the plaintiffs who are also defendants could be listed as defendants in the consolidated action, their complaints then becoming cross claims against the other defendants (Civ. Prac. Act, §§ 96, 96-a, 264; *Vidal* v. *Sheffield Farms Co.*, 208 Misc. 438). However, we believe that the situation would be more easily understood by the jury if the cases were jointly tried instead of being organically consolidated. The positions and

pleadings of the parties would then remain unchanged. While the notice of motion asked only for consolidation, it concluded with a prayer "for such other and further relief as may be just and proper". A joint trial may be ordered under this prayer for relief and, for the reason given, we prefer a joint trial. The order appealed from should accordingly be modified so as to direct that all the actions be tried jointly in Cattaraugus County and, as so modified, the order should be affirmed. (Appeal from an order of Cattaraugus Special Term denying a motion by defendant County of Cattaraugus to consolidate four actions.) Present — Williams, P. J., Goldman, Halpern, McClusky and Henry, JJ.