DONNA M BARCH, as Executrix of CHESTER J. BARCH, Deceased, Appellant, *v.* AVCO CORPORATION et al., Respondents. (Action No. 1.)

MABELLE K. BADGLEY, as Executrix of PAUL G. BADGLEY, Deceased, et al., Respondents, *v.* MOONEY AIRCRAFT, INC., et al., Respondents. (Action No. 2.)

FIRST TRUST & DEPOSIT COMPANY, as Executor of HARRY T. DITCH, Deceased, Respondent, *v.* PAUL G. BADGLEY COMPANY, INC., Respondent. (Action No. 3.)

MARGO B. SCHWEITZER, as Administratrix of the Estate of JOHN T. SCHWEITZER, Deceased, Respondent, *v.* MOONEY AIRCRAFT, INC., et al., Respondents. (Action No. 4.)

In the Matter of DONNA M. BARCH, as Executrix of CHESTER J. BARCH, Deceased.

Fourth Department, June 27, 1968.

242

*Speiser, Shumate, Geoghan & Krause* (*Alfred W. Gans* of counsel), for Donna M. Barch, appellant.

*Frederick B. Lacey* for Paul G. Badgley Co. Inc., respondent in Action No. 1.

*Mendes & Mount* for Avco Corporation and another, respondents in Action No. 1.

*Bond, Schoeneck & King* (*John C. Kinney* of counsel), for Paul G. Badgley Co. Inc., respondent in Actions Nos. 3 and 4.

*Hiscock, Cowie, Bruce, Lee & Mawhinney* for Mabelle Badgley and another, respondents in Action No. 2.

*Oot, Greene, Setright & Moore* (*Victor J. Hershdorfer* of counsel), for Bendix Corporation and another, respondents in Actions Nos. 2, 3 and 4.

*Costello, Cooney & Fearon* for First Trust & Deposit Company and another, respondents.

*Hal Rachal* for Mooney Aircraft Inc., respondent in Actions Nos. 2, 3 and 4.

*Fadden & Britt* (*Alfred W. Gans* of counsel), for Donna M. Barch, appellant in the above-entitled proceeding.

*Bond, Schoeneck & King* (*John C. Kinney* of counsel), for Paul G. Badgley Co., Inc., respondent in the above-entitled proceeding.

*Oot, Greene, Setright & Moore* (*Victor J. Hershdorfer* of counsel), for Avco Corp. and another, respondents in the above-entitled proceeding.

*Hiscock, Cowie, Bruce, Lee & Mawhinney* for Paul G. Badgley Co., Inc., and another, respondents in the above-entitled proceeding.

*Costello, Cooney & Fearon* for First Trust & Deposit Company and another, respondents in the above-entitled proceeding.

GOLDMAN, J.  We have before us three appeals, two from orders of Supreme Court, Onondaga County, and one from an order of the Surrogate's Court of Onondaga County.  All of the

litigation involved in these appeals arises out of a multiple fatality airplane crash in 1965 which resulted in the death of the pilot, one Badgley, and three passengers, Barch, Ditch and Schweitzer. Wrongful death actions were brought in respect of all four decedents against the owner of the airplane, its manufacturer, the manufacturer of the engine and the manufacturer of the fuel injection system. The Barch action was commenced in New York County Supreme Court and the actions for the other three decedents were all commenced in Onondaga County Supreme Court.

By order to show cause, defendant, the Paul G. Badgley Company, Inc. (Badgley Company), moved for an order " directing and requiring that all of the above-entitled actions be tried together in the Supreme Court, Onondaga County, without consolidation, pursuant to CPLR Article 6, on the ground that a common question of law and fact is involved ". Plaintiff Barch, executrix of the estate of Barch, defaulted on this joint trial motion, which was made in Special Term of Onondaga County and resulted in an order, dated July 7, 1967, which directed " that the four above-entitled actions be tried together in the Supreme Court, County of Onondaga, without consolidation ". The order further directed " that the venue of Action #1 [Barch action] be and the same hereby is changed from New York County to Onondaga County ". Plaintiff Barch appealed from only that part of the order which changed the venue from New York County to Onondaga County and directed the Clerk of New York County Supreme Court to forward the papers to the Clerk of Onondaga County.

Plaintiff Barch then moved before the Special Term Justice, who had made the order, to set aside the plaintiff's default and requested that the court modify its order by eliminating from it the transfer of venue from New York County to Onondaga County. By order dated September 21, 1967 Special Term opened plaintiff Barch's default, heard argument on the merits and denied that portion of the motion which sought a modification by elimination of the venue change. Inasmuch as this second order was in every sense a reargument of the first order, the second order superseded the first and made it moot and academic (*Sternberg* v. *Zaretsky*, 20 A D 2d 795; *J. J. Carroll, Inc.* v. *Waldbauer*, 18 A D 2d 914).

There is a fundamental and fatal defect in both of Special Term's orders by reason of the failure of the moving parties to have made the motion in New York County. CPLR 2212 (subd. [a]) requires that the motion " shall be noticed to be heard in the judicial district where the action is triable or in a

county adjoining ". The Barch action was " triable " in New York County and that county is " the place where the action is pending " (CPLR 105, subd. [o]). This latter section ties in specifically with 2212 (subd. [a]) for " ' triable ' means the place where the action is pending ". This procedural defect permeates both orders and renders the joint trial order as well as the change of venue direction equally defective. However, the notice of appeal specifically excludes any appeal from the joint trial determination and therefore that direction still stands.

The respondents' order to show cause which sought joint trial made no reference to or request for a change of venue. The granting of such relief in the first order of Special Term exceeded the specific relief requested and was reaffirmed in the second order by the denial of the motion to modify. Even if the order to show cause had requested a change of venue, the noticing of the motion in Onondaga County rather than in the First Judicial District would have made the granting of the motion invalid (CPLR 2212, subd. [a]). Without reaching or passing on Special Term's right to order a change of venue by reason of its order of joint trial, we find that this order was fatally defective in this respect for there were no grounds asserted in any of the supporting affidavits to justify a change of venue even if it had been permissible for such relief to have been granted. The moving parties produced no reasons why they should have a change of venue. Not only did the moving parties fail to apprise plaintiff Barch in their notice of motion of the desire to change venue but, furthermore, all elements necessary to a motion for change of venue were absent (*Strosberg* v. *Kiamesha Concord,* 26 A D 2d 723; *Nearing* v. *Gersch,* 26 A D 2d 989; *Stein* v. *American Federation of Photo Employees,* 3 A D 2d 625; *Condon* v. *Schwenk,* 10 A D 2d 822; 7 Carmody-Wait 2d, New York Practice, Place of Trial or Venue, § 48:40).

Perhaps the most crucial appeal before us is that which seeks a reversal of the Surrogate's order. Letters testamentary were issued to Donna M. Barch on November 17, 1965; she proceeded, as executrix, to administer the estate, of which she was the sole devisee and legatee, distributed all the property, paid the estate taxes and completed all of her duties by June 23, 1967. All which remained to be done after that date was the prosecution of the wrongful death action. On June 23, 1967 the Surrogate granted plaintiff Barch's ex parte petition to resign and granted her request to appoint one Edward M. O'Brien as administrator, *c. t. a.,* with letters limited to the prosecution of the wrongful death action. Her petition recited

that she was taking this action upon the advice of her attorneys who informed her that the best interests of the estate would be served by prosecution of the death action in the Federal court in New York County. She further informed the court that Mr. O'Brien was a member of the New York City firm of attorneys who were retained as trial counsel by her local attorneys. She specifically informed the Surrogate that Mr. O'Brien resided in New Jersey and that by reason of this fact diversity would be established so that the Federal court in New York County could exercise jurisdiction over the action. Her resignation and renunciation were duly filed with the court, she waived issuance and service of citation and consented that letters of administration, c. t. a., be issued to " Edward M. O'Brien, residing at 727 Bloomfield Street, Hoboken, New Jersey " and that no bond be required of him. Letters were issued to Mr. O'Brien on June 23, 1967.

On July 12, 1967 the Surrogate signed an order, upon the application of the attorneys for defendant Badgley Company, requiring plaintiff Barch, Edward M. O'Brien, administrator, c. t. a., and their attorneys to show cause " why an order should not be made and entered vacating and setting aside the decree of this Court dated June 23, 1967 permitting said Donna M. Barch to resign as Executrix and substituting in her place and stead Edward M. O'Brien as Administrator, cta, upon the ground that the petition of Donna M. Barch dated June 23, 1967, and the affidavit of Charles F. Krause, dated June 22, 1967, presented to this Court incomplete and inaccurate facts and failed to present to this Court the true facts concerning the reason for requesting the substitution of the representative of the Estate of Chester J. Barch, deceased ".

Affidavits in support of the order to show cause were made by attorneys for defendant Badgley Company, the estates of Badgley, Ditch and Schweitzer and defendants Avco and Bendix. All of the supporting affidavits alleged, in substance, that plaintiff Barch in her petition, which resulted in the Surrogate's approval of her resignation and appointment of O'Brien as administrator, c. t. a., failed to disclose that plaintiff Barch had instituted a wrongful death action in the Supreme Court of New York County; that she had not brought to the Surrogate's attention the outstanding order to show cause which resulted in the Special Term orders of joint trial and change of venue; " and failed to disclose that the interests of the three other estates being administered by this Court would be affected by the proposed substitution ". The moving parties urged that these " inaccuracies " and failure to make " full disclosure "

required that the Surrogate's order of June 23, 1967 be vacated and that plaintiff Barch be reinstated as executrix. Opposing affidavits were submitted by plaintiff Barch's attorneys in which they specifically stated: " That at the time the petition and affidavits were submitted to the Clerk of the Court on June 23, 1967, there was a full discussion with the Clerk and the Court of all the facts surrounding said petition and application, including the fact that a wrongful death action had been commenced in Supreme Court, New York County, and the efforts of the defendants — to remove said action from New York County to Onondaga County ".

The Surrogate vacated and revoked his order of June 23, 1967, declared it to be void *ab initio* and reinstated the letters testamentary previously issued to plaintiff Barch. In his opinion the Surrogate stated that he " would not have entertained the application if there had been full disclosure ". He further held that the existence of the Barch Supreme Court New York County action and the outstanding order to show cause for joint trial " were material facts bearing on the exercise of our discretion " and should have been disclosed. He also implied that suppression of these facts " is equivalent to the false suggestion of material fact ".

The Surrogate cited as authority for his decision subdivision 6 of section 20 of the Surrogate's Court Act. In our consideration of this appeal we are proceeding under section 309 of the Surrogate's Court Act which in part provides: " Upon an appeal from a determination of the surrogate, made upon an application pursuant to subdivision six of section twenty, the appellate court has the same power as the surrogate, and his determination must be reviewed as if an original application were made to that court. " (See *Matter of Tuttle,* 4 N Y 2d 159, 166–167.)

Although not decisive of the issue, it is noteworthy that the only authority cited for holding " the suppression of facts is equivalent to the false suggestion of a material fact " is *Bolling* v. *Coughlin* (5 Redf. 116 [Surrogate's Ct., 1881]). That question was left open by the Surrogate in *Bolling,* because there the respondent, seeking letters of guardianship, failed to disclose that custody of the infant had been awarded to petitioner in a Supreme Court habeas corpus proceeding, and the Surrogate deemed this sufficient to require a trial of the custody issue (p. 120).

Assuming there was incomplete disclosure, the next inquiry must be whether it was nondisclosure of " material facts bearing on the exercise of—discretion— ". (Cf. SCPA 711,

subd. 4 permitting revocation of letters " obtained by a false suggestion of a material fact "; and, see, *Matter of Quinlan,* 158 N. Y. S. 319 [held nondisclosure of value of estate not ground for revocation, it being an immaterial fact].) Was the pendency of the New York County wrongful death action, or procedural incidents thereto, such a material fact? Such a result seems difficult to defend, in light of what the Surrogate claims he believed to be the case. He asserts that he permitted Mrs. Barch to resign and appointed Mr. O'Brien, in the belief that no action was pending. No substantive reason is offered for the assertion that the resignation would have been denied had the existence of the action been disclosed. Indeed such an assertion appears illogical. If the Surrogate would have permitted the substitution of Mr. O'Brien for purposes of handling the wrongful death action in either court (assuming no action then having been commenced), what difference could it make that an action had been commenced in either court, since such a suit could be abandoned and the other—State or Federal—commenced? Mr. O'Brien would be as responsible and as responsive to orders of the Surrogate regarding the prosecution and settlement of the action as would Mrs. Barch. The interests of the estate were every bit as secure under the " actual facts " as under the " facts as revealed " to the Surrogate. It must be noted, in passing, that in his opinion the Surrogate does not categorically state that the allegations of disclosure contained in the affidavit of plaintiff Barch's local attorney are false. The only positive denial of such disclosure is found in the affidavits of opposing counsel who obviously knew nothing about the asserted oral communications to the Surrogate and his Clerk at the time of the submission of plaintiff Barch's petition to resign.

The Surrogate's principal consideration, at the time the resignation petition was submitted, should have been the best interests of the Barch estate. In our view a refusal to permit the resignation would have been prejudicial to these best interests. It would appear to us that the discretion of the Surrogate would virtually dictate permitting the resignation, for the sole purpose, as communicated to him, was concededly the desire to secure a larger recovery in the Federal court. (Cf. 2 Warren's Heaton, Surrogates' Courts, § 136; 2 Jessup-Redfield, Surrogates' Law and Practice, § 1658.) Even if we assume the failure to disclose the matters asserted by the respondents, these were not material facts and certainly not of the quality to justify the statement that suppression of these facts " is equivalent to the false suggestion of a material fact ".

We treat the application to vacate the resignation as addressed *ab initio* to this court under section 309 of the Surrogate's Court Act. Believing as we do that the Surrogate's order of June 23, 1967 is in the best interests of the Barch estate, in the exercise of our discretion and in the interests of justice, the order appealed from should be reversed and the Surrogate's order of June 23, 1967 reinstated with full force and effect as of the date of its issuance.

BASTOW, P. J., DEL VECCHIO, WITMER and HENRY, JJ., concur.

Appeal, in the four above-entitled actions, from order dated July 7, 1967 unanimously dismissed, without costs as academic. Order dated September 21, 1967, insofar as it denies plaintiff's motion to modify by striking therefrom the change of venue, reversed, without costs and motion granted.

Order, in the above-entitled proceeding, entered August 3, 1967 unanimously reversed, without costs, and order dated June 23, 1967 reinstated with full force and effect as of the date thereof.