## (December 11, 1969)

ANDRE MANESSIS, Respondent, v. CARL SMOKE, Appellant. (And Three Other Actions.) — Order unanimously affirmed, without costs. Memorandum: Manessis, plaintiff in Action No. 1, was the owner and operator of an automobile which was in collision with an automobile of defendant Smoke in Franklin County on November 6, 1964; and plaintiffs Le Page in action No. 2 were passengers in the Manessis vehicle. It does not appear that any of said three plaintiffs resided in Franklin County. Defendant Smoke resided in Monroe County. Action No. 1 was begun in Franklin County on April 8, 1965, and by order of January 7, 1966 the place of trial was changed to Monroe County. Action No. 2 was begun in Franklin County in December, 1965, and by order dated May 16, 1966 the place of trial was changed to Monroe County for joint trial with Action No. 1. The orders making these two changes of venue were not tested by appeal. On November 3, 1967 John Fleury, a passenger in the Smoke automobile, began in Franklin County Action No. 3 against the owners of both of said automobiles, to wit, Smoke and Manessis, and on the same day his mother, Jeanne Fleury, began a derivative action (No. 4) against the same defendants for expenses incurred in behalf of John. Defendant Smoke then moved for joint trial of the above four actions. In the affidavit in support of the motion he asked that the trial be held in Monroe County. Plaintiffs Fleury in Actions Nos. 3 and 4 joined

in the motion for joint trial but cross-moved that the actions be tried in Franklin County. Special Term granted the motion for joint trial and the cross motion that the trial be held in Franklin County, thereby denying defendant Smoke's motion for trial in Monroe County; and defendant Smoke appeals from such order. He contends (1) that the two previous orders transferring Actions Nos. 1 and 2 to Monroe County for trial constitute the law of the case, (2) that plaintiffs Fleurys' affidavits in support of the cross motion to change the place of trial of actions Nos. 1 and 2 to Franklin County are insufficient to establish a claim of convenience of witnesses in that county, for failure to state the names and addresses of each such witness and the substance of the testimony which each will give (see *Radatron, Inc.* v. *Z. Z. Auto Telephone*, 30 A D 2d 760; *Goldman* v. *Weisman*, 23 A D 2d 634), and (3) that plaintiffs Fleury, not being parties to Actions Nos. 1 and 2, lack status to move to change the venue thereof to Franklin County. These contentions are without merit. With respect to (1), the law of the case doctrine does not apply because plaintiffs Fleury were not parties to the previous motions and orders changing venue of Actions Nos. 1 and 2, and because a material change of circumstances (commencement of Actions Nos. 3 and 4 involving the same accident in Franklin County) has occurred since the original orders (*Bivins* v. *Bivins*, 10 A D 2d 739, 740; *McKeeby* v. *Baer*, 260 App. Div. 826; and see 1 Carmody-Wait 2d, New York Practice, § 2:68). Concerning (2), in applications for consolidation or joint trial of cases pending in different counties, if granted there obviously must be a change of venue as to one such action, and although convenience of witnesses will be one factor to be considered by the court in determining in which county the joint trial shall be had, "a showing of circumstances which would have independently justified the change of venue" is not required (*Smith* v. *Witteman*, 10 A D 2d 793; and see *Padilla* v. *Greyhound Lines*, 29 A D 2d 495). In a case such as this the court has broad discretion in selecting the venue (*Kiamesha Concord* v. *Greenman*, 29 A D 2d 904; *Palmer* v. *Chrysler Leasing Corp.*, 24 A D 2d 820), and must consider, along with other factors, the place where the cause of action arose (*Goldman* v. *Weisman*, 23 A D 2d 634, *supra*; *Gerber* v. *B. C. R. Hotel Corp.*, 10 A D 2d 956; *Vitti* v. *Case*, 285 App. Div. 857), the convenience of medical witnesses who treated the parties (*Kiamesha Concord* v. *Greenman, supra*; *Hilgers* v. *Hyde*, 6 A D 2d 963) and the calendar conditions in the respective counties (*Mallack* v. *White Mountain Laundry*, 12 A D 2d 503). As to (3), it should suffice to say that where defendant moved to have cases Nos. 3 and 4 jointly tried with cases Nos. 1 and 2, the plaintiffs in Nos. 3 and 4 had status to consent thereto and ask for trial in the county of their own residence, where the accident occurred. We find no abuse of discretion by Special Term, and the order was properly made. (Appeal from order of Monroe Special Term on motions for change of venue.) Present — Goldman, P. J., Del Vecchio, Witmer, Gabrielli and Bastow, JJ.