■ BANK OF NEW YORK et al., as Executors of CLARE F. GOODMAN, Deceased, et al., Respondents, v. VERA RODGERS, Respondent. EUGENE J. WYSER-PRATTE et al., Appellants, v. VERA RODGERS, Respondent. EUGENE J. WYSER-PRATTE et al., Appellants, v. VERA RODGERS, Respondent, et al., Defendants.— Order of the Supreme Court, New York County, entered January 6, 1972, consolidating actions and ordering trial in New York County, unanimously modified on the law, the facts and in the exercise of discretion, to the extent of ordering a joint trial of the actions to be held in Westchester County, and as so modified, affirmed, without costs and without disbursements. The record

shows that on March 12, 1969, there was a fire in an apartment house in Larchmont in which the defendant-respondent Vera Rodgers, now 72 years old, was a tenant. The fire was serious and was extinguished through the combined efforts of various village fire companies in Westchester County. Defendant Vera Rodgers allegedly started the fire in her apartment with a lighted cigarette she had been smoking. In any event, the owners of the building and tenants thereof received payment from their insurance companies for fire and water damage and additional expense. The companies have been subrogated to the rights of their insureds and have brought several actions against respondent Rodgers in the names of their insureds. It is clear that it is proper to try these cases together. The trial, however, should take the form of a joint trial and not a consolidated trial. A joint trial is what is generally sought by litigants on an application loosely described as one for consolidation. There is no reason in this case for organic consolidation. A joint trial preserves the integrity of the several actions, requires a separate decision or verdict, as the case may be, and several judgments, with the costs of the particular action in each case. (*Padilla* v. *Greyhound Lines,* 29 A D 2d 495; *Vidal* v. *Sheffield Farms Co.,* 208 Misc. 438.) The general rule is in the exercise of discretion the venue of the action first commenced should be fixed as such place of trial in the absence of proof of circumstances requiring otherwise. (*Padilla* v. *Greyhound Lines, supra.*) The fact that a large preponderance of witnesses reside in Westchester County indicates that Westchester County is the proper venue. Most of the plaintiffs reside and have their principal offices in Westchester; the fire occurred in Westchester and it was extinguished by personnel of the Westchester fire departments. (*Slavin* v. *Whispell,* 5 A D 2d 296.) Further, the statistical report of the Judicial Conference of the State of New York dated June 30, 1972 indicates that a trial can be had in Westchester County more speedily than in New York County. The ends of justice are always promoted by the speedy trial of an action. (*Mills* v. *Sparrow,* 131 App. Div. 241.) Concur — Stevens, P. J., Markewich, Kupferman, Murphy and McNally, JJ.