Louis G-. Bruhn, J.
This is a motion by the defendants for an order, pursuant to CPLR 602, directing that these actions be tried together, without consolidation, upon the grounds that each of the actions involve common questions of law and fact, and for such other and further relief as may be just.
As is obvious, three of these actions, Nos. II, III and IV, are venued in Kings County, Action No. V in New York County, and Action No. I in Ulster County.
Historically, it appears that Action No. II, the first action started, began with the service of a complaint on or about February 10,1973 and Action No. Ill with the service of a .summons and complaint on or about the same date, with the other actions following later.
The only opposition to the instant motion comes from the attorneys for the plaintiffs in Actions No. II and No. V and such objection is directed not to the joint trial aspect but rather to the venue to be chosen for the trial.
CPLR 602 (subd. [a]) provides, in part: ££ When actions involving a common question of law or fact are pending before a court, the court, upon motion, may order a joint trial of any or all the matters in issue * * * and may make such other orders concerning proceedings therein as may tend to atioid unnecessary costs or delay.” (Italics supplied.)
Since the threshold question of whether or not Ulster County has jurisdiction to determine this motion has been raised, logic dictates that that question be the first to receive the court’s attention.
In urging that this court does not have jurisdiction, the plaintiffs in Action No. II rely on the case of Barch v. Avco Corp. (30 AD 2d 241).
A strong criticism of the reliability of the holding in that case appears in McKinney’s Consolidated Laws of New York (Book 7B, CPLR, 1973-1974 supp.).
Under CPLR 2212, at page 12, Professor McLaughlin has this to say: ££ In Barch v. Avco Corp., 1968, 30 A. D. 2d 241, 291 N. Y. S. 2d 422, the Appellate Division, Fourth Department, implied that in a Supreme Court action a motion made in the wrong county was jurisdictionally defective. In Newell v. Hus *331 ton, 1970, 35 A. D. 2d 908, 317 N. Y. S. 2d 66, the same court flatly stated that if an action is pending in Warren county, the Supreme Court, Onondaga County, 1 lacked jurisdiction of the motion . . .’
“ It is difficult to accept this conclusion. Unlike the county courts, where each court is a separate entity, ‘ the New York State Supreme Court is a single judicial entity . . Revona Realty Corp. v. Wasserman, 1957, 4 A. D. 2d 444, 446, 166 N. Y. S. 2d 960, 963, appeal dismissed, 5 N. Y. 2d 931, 183 N. Y. S. 2d 293, 156 N. E. 2d 816. Hence, the Supreme Court of any county should have the ‘ jurisdiction ’ >to entertain a motion in a Supreme Court action without regard to where the action has been venued. In other words, the requirements of CPLE 2212 should affect, not jurisdiction of the motion, but merely venue, and if no timely objection is made to an improperly venued motion, the court should have the power to decide that motion.” (Italics supplied.)
As further indication of the unreliability of the Barch case we find (30 A D 2d 241, 245): “ Without reaching or passing on Special Term’s right to order a change of venue by reason of its order of joint trial, we find that this order was fatally defective in this respect for there were no grounds asserted in any of the supporting affidavits to justify a change of venue even if it had been permissible for such relief to have been granted.” (Italics supplied.)
For the appellate court to suggest that there might be some doubt of Special Term’s power to also decide change of venue on a consolidation or joint trial motion overlooks the absolute necessity for such a concomitant power to exist.
Specifically in this case if this court were permitted to pass merely on the question of joint trial and not on the question of venue, a result would be created most illogical to say the least.
That such an interpretation does not exist in this department is demonstrated in the case of Kiamesha Concord v. Greenman (29 A D 2d 904) because there the court stated: ‘ ‘ The granting of a motion for the consolidation of actions commenced in different counties necessitates a decision as to the venue for trial. As stated in Smith v. Witteman Co. (10 A D 2d 793): * The court has the power, in an appropriate case, to order a consolidation or a joint trial of actions pending in two counties and to direct the trial to be held in one of the counties, thus incidentally changing the venue of the action pending in the other county, without necessarily requiring a showing of cir *332 cumstcmces which would, have independently justified the change of venue’.” (Italics supplied.)
Curiously, the quoted Smith case (supra) is a Fourth Department ease.
In the light of the foregoing, this court has no doubt of its jurisdiction of this motion and jurisdiction to pass on both phases of it.
Another objection of the same plaintiffs directs itself to the failure of the defendants’ affidavit to comply with the requirements set forth in the case of Weinstein v. Kiamesha Concord (28 A D 2d 925 [2d Dept.]) in that it did not state “ the names and addresses of his prospective witnesses [citation omitted] and did not make any statement of facts concerning the merits as to which his witnesses will testify [citation omitted].”
First, it should be noted that the Weinstein case (supra), was not a motion to consolidate or for joint trial but only a motion to change venue and next that, in this department, the rule in consolidation and joint trial motions is different.
In the case of Linton v. Lehigh Val. R. R. Co. (32 A D 2d 148, 150) the court stated: “ On a motion to consolidate or for a joint trial, the materiality of witnesses need not necessarily he outlined to the extent required on a motion for a change of venue, but the motion cannot be granted on that ground alone.” (Italics supplied.)
Equated with that rule and the additional information contained in the defendants ’ reply affidavit produces sufficient compliance for the purposes of this motion.
The plaintiffs in Action No. V suggest that the court in deciding this motion should consider the fact that these plaintiffs cannot recive a fair trial in Ulster County.
To substantiate that position they suggest the court take judicial notice of the fact that hotels are the major employers in the area involved in this fire.
This court could not possibly take judicial notice of that as a fact since it feels that the same is not true, what with the individuals, companies and institutions in the area other than hotels employing considerable numbers of people.
Furthermore, they also suggest the New York Times article of October 2, 1973 quoting State Senator Lewis: “ Senator Lewis charged yesterday, that ‘ there’s a gaping hole in the enforcement of safety ’ at Catskills resorts. Throughout much of the Catskills, he said these hotels are the major employers. ‘ They have a lot of clout ’ he said. 1 They can place a tre *333 mendous economic and political burden on any local official who tries to enforce any safety regulations ’.”
Such opinion, however well-intended, hardly suffices to constitute facts and circumstances to support a belief that a fair trial cannot be had in this county, since what, if anything, hotels can do with local officials in no way is reflective of the honesty, integrity and sincerity of prospective jurors who would be called to decide the issues involved in these cases.
Having disposed of the issues raised by the objecting plaintiffs, it now becomes necessary to decide the one remaining gut issue of venue.
The guidelines to be followed in arriving at a decision impregnable to reversal for abuse of discretion are found in the late case in this department of Boyea v. Lambeth (33 A D 2d 928).
In that case the court stated (p. 929): “ The motions here involved are directed to the discretion of the trial court, and unless improvidently exercised, its determination must be upheld (see, e.g., Palmer v. Chrysler Leasing Corp., 24 A D 2d 820; Spadaccini v. City of New York, 9 A D 2d 502). There is no specific mandate or inflexible rule which governs the issue involved; many factors are properly considered by the trial court (see, e.g., Palmer v. Chrysler Leasing Corp., supra). For although as a general rule the venue of the action first commenced should be deemed the place of joint trial (3 Carmody-Wait 2d, New York Practice, § 17.24; Padilla v. Greyhound Lines, 29 A D 2d 495; Weiss v. City of New York, 27 A D 2d 709; Rae v. Hotel Governor Clinton, 23 A D 2d 564), special circumstances may properly be found to negate this choice. Such special circumstances may arise when the cause of action arises in the cgunty where the second action has been commenced (Nearing v. Gersch, 26 A D 2d 989); hospitalisation and treatment of injured persons occur in the county where the second action has been commenced (3 Carmody-Wait 2d New York Practice, § 17.24); convenience of witnesses points toward trial in the county where the second action has been commenced (Kiamesha Concord v. Greenman, 29 A D 2d 904; Babcock v. Lowy, 7 A D 2d 930); or court calendars are less congested in the county where the second action has been commenced (Colburn v. Brown, 23 A D 2d 574; Efco Prods. v. Long Is. Baking, 6 A D 2d 832).” (Italics supplied.)
Equating such principles to the objections advanced by the plaintiffs opposing leaves little to be said for them save the general rule that, since Action No. H was the first commenced, in Kings County, that county should retain venue.
*334 In opposition to the general rule we find that the cause of action arose in Ulster County and certainly the court calendars in this county are far less congested than the calendars of Bangs or New York County.
On the question of convenience of witnesses, we have the plaintiffs in Action No. II predicating its claim on the unsupported statement of the attorney that: “ Almost all of the employees in the subject premises came from Kings County or other sections of New York City. Many of the injured persons were classmates at Lincoln High School in Bangs County, including the deceased in Action Number Two. Many of the ex-employees have gathered within New York City for various rallies and discussion sessions protesting the dangerous conditions and improper facilities which had been provided by the defendants. Each of these persons, including the plaintiffs in actions numbered two, three, four, and five, are actual witnesses to the conditions as they existed in the subject premises at the time in question. As alreay [sic] stated, the witnesses as already stated reside almost entirely within New York City and specifically within the County of Kings.”
Contrasted with such general, unsubstantiated averments, we find the defendants providing an extensive list by name of witnesses who will be called to testify including public officials, firemen and police officers.
In this department the case of Lehman v. Parente (5 A D 2d 947) stated: “ It was within the province of the court at Special Term to find that several material witnesses, some law enforcement officials, reside in Albany County.” (Italics supplied.)
The case of Rose v. Town of Richmond (214 App. Div. 142) expressed very tersely the governing force in balancing convenience in favor of the defendants. In that case the court stated (p. 144): “ Ordinarily the public interest requires that town officials and highway employees should not be required to suspend their functions to go to distant parts of the State to defend such actions but should be permitted as far as possible to give uninterrupted attention to their duties. [Citations omitted.]
‘ ‘ The general rule that the court will not consider the convenience of witnesses who are employees of a party, will not be .applied in such a case as this. In the absence of some special and compelling circumstances we think the ends of justice require that such actions should be tried in the county where the cause of action arose. A party who with others has been able to get within the borders of a county at the time the alleged *335 negligence occurred, may not ordinarily find it difficult to come {agam with witnesses to try the action brought for damages.” (Italics supplied.)
Certainly if such consideration be given to employees of a party who have official functions to perform, it should equally be given to such witnesses who are not employees of such a party.
Considering all the factors noted it is the conclusion of this court that, in the exercise of its discretion, it should and hereby does grant the motion for joint trial, with venue in Ulster County.
The right to open and close shall be reserved to the Trial Justice presiding at Part I.
Upon proper compliance with CPLR 511 (subd. [d]) the County Clerks of Kings and New York Counties are directed to follow its mandate.