■ MATCO ELECTRIC COMPANY, INC., Doing Business as DWYER ELECTRIC CO., INC., et al., Respondents, v BEACON CONSTRUCTION COMPANY, INC., et al., Appellants. MATCO ELECTRIC COMPANY, INC., Doing Business as DWYER ELECTRIC CO., INC., Respondent, v AETNA CASUALTY AND SURETY COMPANY, Appellant.—Order unanimously affirmed, with costs. Memorandum: Counsel for the defendants in both actions moved at Special Term, Monroe County, for an order directing that the actions be tried together, without consolidation, pursuant to CPLR 602 on the ground that they involve common questions of law and fact, and fixing Monroe County as the place of trial. Special Term granted the motion "on the condition that the joint trial in said actions be placed in Broome County". Defendants appeal, contending that the joint trial should be had in Monroe County because the action pending there against Aetna Casualty and Surety Company (Aetna) seeks recovery under a payment bond containing a specific provision that venue must be placed in the county where the construction site is located. Both actions were originally instituted in Broome County but the action against defendant Aetna, on its motion, was moved to Monroe County because of the venue provision in the payment bond. In moving for a joint trial, however, defendant Aetna waived its right to Monroe County venue in

favor of a single trial of both actions *(Maurice Slater Trucking Co. v Maus,* 70 NYS2d 828). While conceding that waiver at argument, defendants urge that the convenience of several material witnesses in the action pending in Broome County mandates changing the place of trial of that action to Monroe County to be tried jointly with the action against defendant Aetna. While we recognize that a motion for joint trial of cases pending in different counties necessarily involves a change of venue and that the burden of showing convenience of witnesses is substantially less than normally required *(Manessis v Smoke,* 33 AD2d 877), here defendants' moving papers were fatally defective in failing to assert any of the elements essential to a change of venue motion *(Radatron, Inc. v Z. Z. Auto Tel.,* 30 AD2d 760; *Barch v Avco Corp.,* 30 AD2d 241). Monroe County Special Term could not properly entertain a motion for change of venue of an action pending in the Sixth Judicial District *(Markey v Brooks Mem. Hosp.,* 46 AD2d 1010; *Barch v Avco Corp., supra;* CPLR 2212, subd [a]). Additionally, we are constrained to note that the witnesses whose convenience defendants seek to accommodate are members of a class on whose behalf plaintiff's Broome County action has been brought. The class action was instituted several weeks before the action against Aetna on the payment bond and even longer before the latter action was transferred to Monroe County. Where a joint trial is sought in these circumstances, the general rule is that venue should be placed in the county where the first action was begun *(Bank of New York v Rodgers,* 40 AD2d 777; *Maccabee v Nangle,* 33 AD2d 918). Here, in the exercise of its discretion, Special Term granted a conditional order for a joint trial and in such matters the court's discretion will not lightly be disturbed *(Beardsley v Wyoming County Community Hosp.,* 42 AD2d 821). (Appeal from order of Monroe Supreme Court—joint trial.) Present—Moule, J. P., Mahoney, Dillon, Goldman and Witmer, JJ.