OPINION OF THE COURT
WlLMER J. PATLOW, J.
This motion stems from two actions involving a disputed lease agreement. The property, which is the subject matter of the lease, is a shopping center located in Monroe County.
Plaintiffs in the first action (hereinafter referred to as "plaintiffs”) sued defendants in New York County. Defendants *432 in the first action (hereinafter referred to as "defendants”) subsequently commenced suit against plaintiffs in Monroe County. Plaintiffs are from New York County, defendants from Monroe County. Issue was joined and a demand for change of place of trial was served by defendants. Defendants then moved, pursuant to CPLR 602, to consolidate the two actions and to have the trial of the consolidated action held in Monroe County.
A hearing was held before this court, at which time plaintiffs agreed to consolidate the actions, but argued that venue must be had in New York County. The court granted consolidation but placed venue in Monroe County. Plaintiffs then moved to reargue the motion, and a second hearing was held. This court granted reargument, confirmed the decision to consolidate the actions, but reserved judgment on whether or not its venue decision could properly be made within the context of a consolidation motion; and if so, was Monroe County, as opposed to New York County, the proper place for such venue.
Plaintiffs argue that the present motion, to the extent that it seeks transfer of the New York County action to Monroe County, is not properly before this court. That argument is based primarily upon the fact that plaintiffs complied with CPLR 511 by serving an appropriate affidavit within five days of defendants’ demand for change of place of trial. Plaintiffs would have the court accept this as sufficient to require that defendants now move for change of venue in New York County.
However, this motion is brought pursuant to CPLR 602 which relates to consolidation, and provides in part "When actions involving a common question of law or fact are pending before a court, the court, upon motion, may * * * order the actions consolidated, and may make such other orders concerning proceeding therein as may tend to avoid unnecessary costs or delays. ” (Emphasis provided.)
Plaintiffs’ argument overlooks the basic fact that the granting of a motion for the consolidation of actions commenced in different counties necessitates a decision as to the venue for trial (Kiamesha Concord v Greenman, 29 AD2d 904).
The court’s right to order a change of venue by reason of its order of consolidation has been clearly spelled out. "The court has the power, in an appropriate case, to order a consolidation or a joint trial of actions pending in two counties and to direct *433 the trial to be held in one of the counties, thus incidentally changing the venue of the actions pending in the other county, without necessarily requiring a showing of circumstances which would have independently justified the change of venue.” (Smith v Witteman Co., 10 AD2d 793.) That right was recently utilized in Velasquez v Pine Grove Ranch (77 Misc 2d 329, 331) where the court went on to point out that "if this court were permitted to pass merely on the question of joint trial and not on the question of venue, a result would be created most illogical to say the least”.
In essence, what plaintiffs request of this court is the "most illogical result” clearly rejected in Velasquez.
Furthermore, for this court to order consolidation of the actions, but to require defendants to move in New York County for a venue change is not only illogical, but also contradicts that portion of CPLR 602 which allows a court to, in addition to ordering consolidation, "make such other orders * * * as may tend to avoid unnecessary costs or delay”.
Additional authority for the proposition that courts have the power to decide venue when determining a consolidation motion can be found in McLaughlin, Practice Commentaries (McKinney’s Cons Laws of NY, Book 7B, CPLR C602:2, p 182): "Consolidation also requires a change of venue, and any county in which one of the actions is pending may be selected even though the motion to consolidate was not made in that county.”
The court believes plaintiffs’ heavy reliance on the case of Mateo Elec. Co. v Beacon Constr. Co. (52 AD2d 1084) misplaced. This court does not interpret Mateo as in any way impeding a court’s ancillary power to change venue, when determining a consolidation motion. At most Mateo would prohibit this court, given the instant fact pattern, from entertaining a bare change of venue motion. However, it is a consolidation motion, not a change of venue motion that is presently before the court.
Therefore, the court must reject plaintiffs’ argument that defendants be required to now go to New York County to seek a change of venue.
Having determined that this court has the power to decide change of venue in a consolidation motion, it hereby confirms its prior order directing that venue be placed in Monroe County. Although there is no requirement of a showing of circumstances which would have independently justified the *434 change of venue (Smith v Witteman Co., 10 AD2d 793, supra), the court does find that the convenience of witnesses, substantially less court calendar congestion, and the ends of justice would be promoted by the placement of venue in Monroe County. In addition, the court would point out that the property which is the subject matter of the contested lease from which these actions arise, and the nature of the relief sought in the complaint, brings the matter within the purview of CPLR 507 which governs real property actions and requires that the trial be held in Monroe County.
In light of all the foregoing, the court confirms its prior order of April 6, 1978 in all respects.