■ PERINTON ASSOCIATES, Appellant, v HEICKLEN FARMS, INC., et al.,

Respondents. (Action No. 1.) HEICKLEN FARMS, INC., et al., Respondents, v PETER F. PANTLIN et al., Appellants, et al., Defendant. (Action No. 2.)—Order unanimously modified and, as modified, affirmed, with costs to respondents, in accordance with the following memorandum: Perinton Associates and its general partners appeal from an order of Supreme Court, Monroe County, which consolidated the action in which Perinton Associates was plaintiff, pending in New York County, and a second action against appellants commenced 20 days later and pending in Monroe County. They appeal only from the order insofar as it fixed Monroe County as the proper venue for trial. CPLR 602 provides that the court, on motion, may order consolidation of two actions in an appropriate case (subd [a]) "and may make such other orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." When two actions are pending in different counties, the motion to consolidate may be made in either county (CPLR 602, subd [b]; 2 Weinstein-Korn-Miller, NY Civ Prac, par 602.08; Siegel, NY Prac, § 128) and in ordering consolidation of two actions into one, the court incidentally and necessarily must fix the venue of the remaining action. Venue need not be the subject of a separate motion, as contended by appellants, addressed to the court in which the first action was commenced. While normally the venue to be preferred, assuming both counties are proper, is that in which the first action was commenced (see *Matco Elec. Co. v Beacon Constr. Co.,* 52 AD2d 1084; *Padilla v Greyhound Lines,* 29 AD2d 495), the decision rests in the sound discretion of the motion Justice and he may consider any other circumstances which negate that choice, including the convenience of witnesses or calendar congestion, and which suggest preference for one county over another. In considering the convenience of witnesses, the court is not bound by the technical requirements of CPLR 2212 (subd [a]) *(Manessis v Smoke,* 33 AD2d 877, 878; *Smith v Witteman Co.,* 10 AD2d 793; and see Siegel, NY Prac, § 128, n 23). The motion Justice in this case preferred Monroe County for trial because of the convenience of witnesses and the relative calendar conditions between New York and Monroe Counties. He also relied upon other factors which we do not accept, but upon the entire record, we find no abuse of discretion. The court's order neglected to recast the parties plaintiff and defendant in the consolidated action or to determine the right to open and close. The consolidated action shall be styled: "PETER F. PANTLIN, JAY H. CHANANIE, PERINTON ASSOCIATES, a New York Partnership, PANTLIN & CHANANIE PROPERTY CO., a New York Partnership, PANTLIN & CHANANIE DEVELOPMENT CORP., a New York Corporation, JOHN M. BURNS, III, ROSE SANG, LINDA RECHMAN, and JOSEPHINE TORTORICI, Plaintiffs, - VS- HEICKLEN FARMS, INC., PERINTON SQUARE, and MOSELY ROAD STAR, INC., and SPOLETA PERINTON COMPANY, Individually and d/b/a PERINTON SQUARE, and SAM P. SPOLETA, MICHAEL D. SPOLETA and ALBERT J. MONILE, Individually and d/b/a SPOLETA PERINTON COMPANY, Defendants." Plaintiffs shall open and close. (Appeal from order of Monroe Supreme Court—consolidation, venue.) Present—Simons, J. P., Hancock, Jr., Schnepp, Witmer and Moule, JJ. [95 Misc 2d 431.]