OPINION OF THE COURT
David B. Saxe, J.
In the rush to effect service of process one must be cognizant of the procedural niceties and requirements of the CPLR.
Sometime during August of 1982 the plaintiff attempted to commence a lawsuit in the Civil Court against defendants Alan S. Liebman and 465 Greenwich Street Associates, Inc. The defendants contested service of process and a traverse was held before the court at Special Term, Part II, on January 12,1983. The Judge presiding issued a decision holding that service of process upon defendant Liebman was insufficient but that service upon the corporate defendant was valid. The exact language of the decision was as follows: “After traverse, service on corporation is held to be proper; service on individual defendant improper. Accordingly, motion is granted to that extent.” The decision was filed with the clerk on January 14, 1983.
But soon after the traverse, Mr. Liebman, the individual defendant at the traverse, had apparently repaired to another courtroom in the Civil Court building. While standing outside the courtroom, Liebman was approached by the process server who had testified on behalf of the *252 plaintiff in the previous traverse. Mr. Liebman was asked to identify himself. He did so. At that point, the process server handed him a new but identical copy of the summons and complaint which had been the subject of the traverse.
Mr. Liebman has now made a motion to dismiss the new proceeding pursuant to CPLR 3211 (subd [a], par 4) which provides for dismissal where “there is another action pending between the same parties for the same cause of action”.
It is his principal contention that until such time as an order is entered in connection with a motion, and such order is served with notice of its entry, the motion has not been determined and is considered to be pending. (Siegel, New York Practice, § 250; McCormick v Mars Assoc., 25 AD2d 433.) That was clearly the case here. No order was served upon the defendants prior to the institution of the second action. Thus, it is clear that since the plaintiff has served a summons and complaint in an action identical to one that was still pending at the time of the second service of process, a dismissal of the new action pursuant to CPLR 3211 (subd [a], par 4) is mandated. Defendant’s motion is granted. Plaintiff’s cross motion is denied.