OPINION OF THE COURT
Lewis R. Friedman, J.
Defendant’s motion to dismiss under CPLR 3211 (subd [a], par 4) raises a question which has not been satisfactorily answered by the cases — when may a plaintiff, confronted by a valid claim of improper service, cure the defect? That is, is it possible that the cure may occur too soon.
The summons and complaint were, as it turned out, served improperly in October, 1982. A default judgment was entered.
Defendant’s motion to open the default resulted in a hearing, on April 26, as to the validity of service. Decision was reserved. As the defendant’s officer was leaving the courtroom he was served by the process server with a new copy of the original summons and indorsed complaint. Judge Ramos-Lopez’ decision, finding the service to be defective, dated April 26, was entered next day.
*879 In this motion defendant claims that a prior action was pending when the second summons was served and, therefore, this action must be dismissed. Defendant relies on Mayline Co. v Liebman (118 Misc 2d 251) for the proposition that plaintiff “jumped the gun” by serving his second summons too soon. Although Mayline involved facts close to those at bar, the court declines to follow it and denies the motion to dismiss.
The courts favor dispositions on the merits of cases. Technical defects should be cured as soon as possible so that decisions on the merits may be reached. Thus, it would be counterproductive for the court to conclude that a party with knowledge of a defect in its case must await the outcome of protracted hearings before curing the defect. If, for example, the Statute of Limitations is running out, must plaintiff await the outcome of a traverse of service before commencing a new action to preserve its rights? CPLR 3211 (subd [a], par 4), which permits dismissal on the grounds of a prior, pending action, does not require that result. It is significant that the rule specifically provides that “the court need not dismiss on this ground but may make such order as justice requires”. Thus, as Professor Siegel notes in the Practice Commentaries to CPLR 3211 (McKinney’s Cons Laws of NY, Book 7B, CPLR C321:16, C321:17), the court can fashion an appropriate order rather than dismiss the second action when there is a jurisdictional attack on the first.
There is, however, another reason for refusing to dismiss the second action on motion: the defendant’s conduct is inconsistent and should not be countenanced. The reported authorities support that result. Thus in Dashew v Cantor (85 AD2d 619), the court held that “Defendant may not have it both ways. He may not assert that an action has not been properly commenced due to defective service and, at the same time, allege that the action is, nonetheless, a pending action when there is reservice to cure the jurisdictional defect complained of (see Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C321:16, C3211:41).”
The Appellate Division in this department has reached a similar result. In Ferrandino v Cartelli (12 AD2d 604), the *880 court concluded that “defendant should be estopped from claiming the existence of a prior action, where it has been demonstrated that the prior action, on defendant’s objection, was void because of lack of prior service of process. To claim successfully that a prior action is a nullity, and then to assert it bars a subsequent action is a completely inconsistent position.”
Thus, defendant here should be barred from challenging the second action, because the first, defective one, was pending when it was started. The court would reach the same result even if it were found that the prior action was not “pending”, within the meaning of CPLR 3211 (subd [a], par 4), because it had resulted in a judgment. (See Porter v Kingsbury, 77 NY 164, 169; Gentilala v Fay Taxicabs, 243 NY 397.) In that event' the identical motion could be brought, based on CPLR 3211 (subd [a], par 5), alleging res judicata, and the same result would follow — the motion should be denied.
Plaintiffs should be encouraged to correct service problems at the earliest stage possible. Denial of the motion serves that end here.