OPINION OF THE COURT
Lewis R. Friedman, J.
The motion to dismiss this divorce action pursuant to CPLR 3211 (a) (4) and the cross motion to dismiss an action in Rockland County present several important procedural issues likely to occur in other cases including questions resulting from the recently adopted amendments to CPLR 304 (L 1992, ch 216).
Defendant (Wife) filed a summons with notice for a divorce action on January 26, 1993 in Supreme Court, Rockland County. Her attorney did not arrange for service on plaintiff (Husband), rather he sent a letter, standard in matrimonial cases, announcing his retention by Wife and containing a request for an amicable resolution. Husband’s counsel responded on February 4 that he would be prepared to discuss the matter the following week. Husband then commenced this *466 divorce action by filing a summons with notice in New York County and serving it the same day, on February 9. Wife’s summons in the Rockland action was served February 19. In each action the parties have appeared, served a complaint and answered the other’s complaint, including a counterclaim for divorce.
Wife moves to dismiss this action pursuant to CPLR 3211 (a) (4) on the ground that her action for divorce in Rockland County was commenced first and is a "prior action pending.” Husband contends that Wife is barred from making this motion by CPLR 3211 (e) since, in her counterclaim, she has pleaded that there is no other action pending for the same relief.
Clearly the motion to dismiss, when filed, was barred by the answer which failed to allege the defense. Wife amended her answer as of right (CPLR 3025 [a]) alleging, inter alla, her prior Rockland County action. The Court of Appeals has held that a personal jurisdiction defense is waived under CPLR 3211 (e) by the service of motion to dismiss and an answer, even if a later amended answer asserting the defense is served (Addesso v Shemtob, 70 NY2d 689). That rule does not create a bar here. At least in this Department, it appears that Addesso will be limited to its facts, i.e., cases where a CPLR 3211 (a) motion was made and decided before the amended answer was served. (Seda v New York City Hous. Auth., 181 AD2d 469; cf., DeFilippis v Perez, 148 AD2d 490 [2d Dept]; Hickey v Hutton, 182 AD2d 801, 802.) Since no prior motion to dismiss was made, the court must reach the merits of the motion.
Without doubt the impetus for the 1992 amendments to the CPLR wrought by chapter 216 was to raise revenue (Siegel’s Practice Review, No. 1, Apr. 1993, at 3, col 1). However, the solution adopted, the "commencement by filing” regime, has a life of its own and the courts must apply the statute as written by the Legislature. Analysis under CPLR 3211 (a) (4) starts with the issue of which proceeding has a time priority. All actions are now commenced by filing (CPLR 304). Thus, this court must treat the Rockland County action, which was filed first, as prior in time even though it was served later. There is no reason to retain the pre-1992, service-related, priority structure. The court is well aware that the filing statute permits "hidden” actions to exist and that the absence of service or other notice of a proceeding may lull adversaries into commencing their own actions in the same or in other *467 counties. That is but one of the unfortunate, unforeseen, unintended side effects of chapter 216. The date of commencement for all actions and proceedings was carefully considered by the drafters and the moment of filing was selected as the operative time. For example, the chapter 216 amendments fully intended that commencement by filing would stop the running of the Statute of Limitations even though a defendant may not actually be served until 240 days after the expiration of the Statute of Limitations.*
Merely because the Rockland action was "commenced” first does not mandate dismissal of the New York action since under CPLR 3211 (a) (4) there are several additional principles other than mere time priority. First, the well-established rule under pre-chapter 216 law is that an action commenced merely by service of a summons with notice is not a "prior action pending”; service of a complaint is required (Louis R. Shapiro, Inc. v Milspemes Corp., 20 AD2d 857; Hirsh v Manhattan Ry. Co., 84 App Div 374, 377-378; Stevenson v Diamond Fuel Co., 198 App Div 345; United Enters, v Hill, 185 AD2d 206; Sotirakis v United Servs. Auto. Assn., 100 AD2d 931; John J. Campagna, Jr., Inc. v Dune Alpin Farm Assocs., 81 AD2d 633, 634). The rationale for that rule has been that a party may well change the theory of the case when the complaint is served or even discontinue the action without consent (CPLR 3217 [a] [1]; Louis R. Shapiro, Inc. v Milspemes Corp., supra). There is one reported case which holds that the court can look to extrinsic facts to determine the nature of the action where only a summons with notice has been served (West Coast Co. v Grafi, 127 Misc 2d 49, 50-51 [Civ Ct, NY County 1985]). But, that case appears to be an anomaly, has not been cited in a reported case and appears implicitly to have been overruled by the 1992 decision of the First Department in United Enters, v Hill (supra). The prior holdings remain good law. "It is * * * not permissible to show by paroi proof what an action is for, if the summons only was served” (Hirsh v Manhattan Ry. Co., 84 App Div, supra, at 377). There is no reason why the filing of a summons only to commence an action should produce a different result than service did. The rule applies even in matrimonial cases where the possible causes of action that might be pleaded are severely limited. *468 The complaint when served may well contain only a claim for support or maintenance without a prayer for divorce.
Although the cases do not discuss whether an action can be "prior” based on a later served complaint, logic impels the court to rely on the complaint which is served first. In this pair of cases Husband’s complaint in the New York County action was served on March 9, while Wife served her complaint in the Rockland action on March 30. Under established CPLR 3211 (a) (4) case law, therefore, the New York County action is "prior”.
A second CPLR 3211 (a) (4) issue is whether these two cases are for "the same or similar relief.” The rules which led up to the current statute were designed to prevent duplicative or inconsistent results when parties brought more than one action for relief in the same or different jurisdictions. (See, e.g., GSL Enters, v Citibank, 155 AD2d 247; Frank Pompea, Inc. v Essayan, 36 AD2d 745.) Here, facially, the two cases seek opposite forms of relief — each party seeks a divorce against the other. The result of both actions may, for practical purposes, be the same — the parties will be free to remarry. Yet, the cases differ because the causes of action are based on totally different legal theories. Wife alleges acts of cruel and inhuman conduct occurring in 1988-1992 and abandonment because of Husband’s refusal to have sexual relations. Husband alleges cruel and inhuman conduct because of Wife’s smoking.
Even though the actions as pleaded in the complaints are not for "the same or similar relief,” the inquiry must proceed further since each action contains a counterclaim for divorce. A claim asserted as a counterclaim may give rise to a "prior action pending” (Cornell v Bonsai, 176 App Div 798, 800-801; Westminster Presbyt. Church v Trustees of Presbytery, 211 NY 214, 219-220; New York Univ. v Molner, 119 Misc 2d 989; Fox v Fox, 85 AD2d 653, 655). The rule is well established in divorce cases as well (see, Whitney v Whitney, 92 AD2d 935). Each counterclaim here in substance alleges the same cause of action as the party pleaded in his or her own affirmative action. The Wife counterclaimed in the New York County action on March 29; Husband counterclaimed in Rockland on April 7. Thus, as of March 29 there were, indeed, two actions pending for the same relief — Wife’s counterclaim here and her Rockland action. Of those two, clearly the Rockland action was prior in time. Logically the counterclaim here would be *469 dismissible. Husband’s counterclaim in Rockland would also be dismissible.
On analysis, Wife’s CPLR 3211 (a) (4) motion is denied because the Rockland action is not prior.
Husband cross-moves to dismiss the Rockland action; this presents yet other problems. Wife argues that that motion cannot be made in this county since CPLR 2212 (a) requires the motion "to be heard in the judicial district where the action is triable or in a county adjoining the county where the action is triable.” Although both Rockland and New York border on the Hudson River they are not "adjoining” counties. Clearly the motion to dismiss cannot be heard here. Nor can the implied motion to change venue of the Rockland case to this county. Well-established authority requires a motion to change venue to follow the usual course and be made in the court required by CPLR 2212 (a) (Barch v Avco Corp., 30 AD2d 241, 245; Mateo Elec. Co. v Beacon Constr. Co., 52 AD2d 1084, 1085; Markey v Brooks Mem. Hosp., 46 AD2d 1010).
There is an obvious absurdity in the continuation of two actions such as those here. That is why the drafters of CPLR 3211 (a) (4) provided that the court may "make such order as justice requires” (Alderman Co. v American Sleeping Sys. Corp., 120 Misc 2d 878) and the courts have held that a trial court has discretion as to how to proceed (Whitney v Whitney, 57 NY2d 731, on remand 92 AD2d 935, 936, supra). The preferred remedy is to consolidate the two cases for joint trial (see, e.g., MediaAmerica, Inc. v Rudnick, 156 AD2d 174; Singh v Kalish, 153 AD2d 621, 625; Mullins v Saul, 130 AD2d 634, 636; Michael v S. H. Galleries, 101 AD2d 755). That may be done based on the motion made here. Both sides seek "other and further relief.” Clearly there is no violation of CPLR 2212 (a) (Velasquez v Pine Grove Resort Ranch, 77 Misc 2d 329, 331-332; Smith v Witteman Co., 10 AD2d 793). The court will order consolidation for a joint trial. Generally, the appropriate county for the trial is the one first invoked. (Matter of Schneider [Government Empls. Ins. Co.], 88 AD2d 619, 620.) As the above analysis shows, New York County is the proper county since the complaint was served in this action first. In International 800 Telecom Corp. v Kramer, Levin, Nessen, Kamin & Frankel (155 Misc 2d 975) Judge Tompkins transferred a Rockland action to this court. The Appellate Division, First Department, denied CPLR article 78 relief (In re International 800 Telecom Corp. [Tompkins], NYLJ, June 1, 1992, at 28, col 6). The decision on whether cases are related is within *470 the discretion of the trial court (Matter of Morfesis v Wilk, 138 AD2d 244, 246-247). Clearly these are related, if not identical, cases. Venue is proper in this county since the parties resided here until Wife moved to Rockland County (CPLR 503). Sound conservation of the resources of the parties and of the court system require a proceeding in one place.

 CPLR 306-b (a) requires service within 120 days of filing. If service is not properly and timely made, a plaintiff- has another period of 120 days to commence a new action and to make service (CPLR 306-b [b]).