■ MOHAMMED PADELA, Respondent, v ROSEN AND WEIDBERG et al., Appellants. [607 NYS2d 89] —In an action to recover damages for breach of an escrow agreement, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (O'Shaughnessy, J.), dated December 19, 1990, as, upon reargument and renewal, ad-

hered to a prior determination, made in an order of the same court, dated July 2, 1990, denying the defendants' cross motion for a change of venue and consolidation or joint trial with an action pending in the Supreme Court, Suffolk County, entitled, *"Centerport Pharmacy, Inc., et al. v Quinmill Inc., d/b/a Centerport Pharmacy, et al."* and bearing Suffolk County Index No. 89-23481.

Ordered that the order is reversed insofar as appealed from, as a matter of discretion, with costs, the motion is granted to the extent of directing a joint trial of the two actions in Suffolk County, the order dated July 2, 1990, is modified accordingly, and the Clerk of the Supreme Court, Nassau County, shall forthwith deliver to the Clerk of the Supreme Court, Suffolk County, all papers filed in the instant action and certified copies of all minutes and entries *(see,* CPLR 511 [d]).

Under the doctrine of law of the case, the Supreme Court, Nassau County (O'Shaughnessy, J.), properly declined to overrule an order of the Supreme Court, Suffolk County (Jones, J.), dated June 25, 1990, denying an identical motion for change of venue and consolidation of the instant actions, notwithstanding the fact that Justice O'Shaughnessy had a different view of the merits of the application *(see, Martin v City of Cohoes,* 37 NY2d 162, 165; *George W. Collins, Inc. v Olsker-McLain Indus.,* 22 AD2d 485, 488-489). However, we are not bound by the order of the Supreme Court, Suffolk County, in the case *(see, Detko v McDonald's Rests.,* 198 AD2d 208; *Hoffman v Landers,* 146 AD2d 744), and under the circumstances present here, conclude that a joint trial of the actions should be had in Suffolk County.

The two actions are highly intertwined. The Suffolk County action was brought by the original owners and sellers of a Suffolk County pharmacy business against its buyer Quinmill, Inc., Aasim Corporation, and the parties to the instant action. The defendants in the instant matter are the attorneys for Quinmill, Inc., and Mohammed Padela purchased the business from Quinmill, Inc. Among other things, the original owners alleged a default by Padela on promissory notes issued by Quinmill, Inc., and assumed by Padela upon his purchase of the business from Quinmill, Inc. Quinmill, Inc., and Padela cross-claimed against one another. In its cross claim, Quinmill, Inc., sought, *inter alia,* rescission of the contract of sale to Padela, including a related escrow agreement under which certain proceeds of the sale and documents were to be held by

the attorneys for Quinmill, Inc., as escrow agents until the transaction was consummated. One of the affirmative defenses raised by Quinmill, Inc., in response to the cross claims was that Padela had ratified the sale by continuing to operate the pharmacy after the alleged breach of the sales agreement by Quinmill, Inc. In the Nassau County action brought by Mohammed Padela against the attorneys for Quinmill, Inc., it was alleged that the attorneys breached the escrow agreement and their fiduciary duty thereunder when they released the escrow funds and documents to Quinmill, Inc., notwithstanding the failure of Quinmill, Inc., to obtain the consent of its landlord to an assignment of its lease to Padela, as required under a provision of the underlying Padela-Quinmill sales agreement. One of the defendant attorneys' defenses was the alleged ratification of that sales agreement.

It is apparent that if the ratification asserted by Quinmill, Inc., in the Suffolk County action is proven to the satisfaction of the trier of fact in that County, a reasonable corollary to such a finding would be that the right of Quinmill, Inc., to the escrow funds and documents would also be established. This, in turn, would relieve the attorneys for Quinmill, Inc., of any liability to Padela. A verdict inconsistent with the foregoing is possible in the instant Nassau County action if Mohammed Padela prevails and the trier of fact finds a breach of the escrow agreement by the attorney-defendants. Under these circumstances, and in view of the fact that the plaintiff Mohammed Padela has failed to demonstrate how he might be prejudiced, a joint trial of these actions is warranted (see, Berman v Greenwood Vil. Community Dev., 156 AD2d 326; Import Alley v Mid-Island Shopping Plaza, 103 AD2d 797, 798; see, also Padilla v Greyhound Lines, 29 AD2d 495). We also find that the underlying transaction and related litigation has its roots in Suffolk County, and thus should be tried there. Inasmuch as the change of venue is simply a necessary by-product of our direction to try these cases jointly, we need not pass on whether the defendants in the instant action have shown their entitlement to a change of venue under CPLR 510 (3) (see, Manessis v Smoke, 33 AD2d 877, 878). Bracken, J. P., Rosenblatt, Copertino and Pizzuto, JJ., concur.