■   MAMIE SADLER, Respondent, v. FELIX TRISAN, Appellant.— Judgment awarding plaintiff damages in the sum of $2,089.18 for fraudulently obtaining and executing a final order awarding possession of residential premises to defendant landlord in a summary proceeding for nonpayment of rent and for wrongful deprivation of plaintiff tenant's possession of said premises, unanimously reversed, on the law and on the facts, with costs to defendant-appellant, and the complaint dismissed. The alleged fraud is intrinsic rather than extrinsic. Plaintiff may not collaterally attack the final order of the Municipal Court. (David v. Fayman, 273 App. Div. 408, affd. 298 N. Y. 669; Crouse v. McVickar, 207 N. Y. 213.) The Municipal Court had jurisdiction over the parties and the subject matter and the issue as to the nonpayment of rent was there directly involved and determined; its final order, although rendered on plaintiff's default, is conclusive. (Crouse v. McVickar, supra, p. 217.) Concur — McNally, J. P., Eager, Steuer and Witmer, JJ.

■   LOUIS R. SHAPIRO, INC., Appellant, v. MILSPEMES CORPORATION, Respondent.— Order, entered on November 15, 1963, unanimously reversed, on the law, with $20 costs and disbursements to the appellant, and the motion to dismiss the complaint denied, with $10 costs. In March, 1962 plaintiff commenced an action by service of a summons with notice. No complaint was served. By motion returnable February 26, 1963 plaintiff sought leave to serve a complaint. The motion was denied with leave to renew on proper papers, including an affidavit of merits. Thereafter, by a notice of motion dated March 20, 1963 and returnable April 3, 1963, plaintiff moved for leave to renew its application to serve a complaint and attached to such papers what purported to be an affidavit of merits. The motion was denied by an order dated May 14, 1963. Subsequently by notice of motion dated May 31, 1963, returnable June 10, 1963, defendant sought an order granting him leave to discontinue the action without prejudice. Following the denial of such motion and on or about September 13, 1963, plaintiff served a notice of discontinuance pursuant to 3217 (subd. [a], par. 1) of the Civil Practice Law and Rules, and thereafter commenced the present action by service of a summons on September 16, 1963, followed later by service of a complaint. Thereupon defendant moved to dismiss the present action on the ground that another action was pending. It is from the order granting that motion that this appeal is taken. Ordinarily, a plaintiff has a right to discontinue a pending action at any time unless substantial rights have accrued or his adversary's rights would be prejudiced thereby. Even then the right may be exercised but subject to terms imposed by the courts. The right is not, however, of primary importance on this motion because here no action that could constitute a bar was pending when plaintiff started the present action. "To constitute a pending action, it must appear that a pleading was served, which sought to obtain relief based upon the same facts as is the action against which the plea is interposed. The mere service of the summons, although it was intended at the time to enforce the same rights upon the same facts, is insufficient to support the plea, as the party might, in his declaration, count upon an entirely different cause of action." (Hirsh v. Manhattan Ry. Co., 84 App. Div. 374, 377–378; Stevenson v. Diamond Fuel Co., 198 App. Div. 345.) It was pointed out in Hirsh v. Manhattan Ry. Co. (supra, p. 377), that "it is not permissible to show by oral proof what an action is for if the summons only was served." (See, also, CPLR 3217, subd. [a], par. 1.) Concur — McNally, J. P., Stevens, Eager, Steuer and Witmer, JJ.