OPINION OF THE COURT
David B. Saxe, J.
Although it is the usual rule that a prior action is not “pending” within the meaning of CPLR 3211 (a) (4) where only a summons but no complaint has been served in the prior action, I hold that under certain circumstances, a departure from this rule is warranted.
Each of the three above-captioned motions and cross motions raise the identical issues and are accordingly consolidated for disposition.
*50 The underlying actions are commercial nonpayment summary proceedings. The respondents have interposed various counterclaims seeking recovery for property damages allegedly suffered by them. Each respondent has also commenced separate actions in the Supreme Court against the petitioner by service of a summons with notice. To date no formal complaints have been served by the respondents in the Supreme Court actions. Nevertheless, it appears that the respondents in the Supreme Court actions seek to assert the same causes of action as are stated in their counterclaims in the summary proceedings. For example, the summons in the Supreme Court action entitled Grafi v West Coast Co. states: “The nature of this action is: negligence; breach of contract; the relief sought is: money damages.” The causes of action as summarized in the summons are essentially the same as the respondents’ counterclaims in the summary proceedings.
On this motion, the petitioner landlord seeks to dismiss the counterclaims pursuant to CPLR 3211 (a) (4) or alternatively to sever the counterclaims pursuant to the provisions of the lease agreement which preclude the respondents from interposing counterclaims in nonpayment summary proceedings.
The respondents oppose this motion and cross-move pursuant to CPLR 2201 for an order staying the summary proceedings pending resolution of the Supreme Court actions.
It is clear that, at the very least, petitioner is entitled to an order severing the respondents’ counterclaims based on the provision in each of the leases precluding the assertion of counterclaims in summary proceedings.
Is petitioner, however, entitled to an order dismissing these counterclaims rather than merely severing them?
In order to be entitled to dismissal under CPLR 3211 (a) (4) it must be demonstrated that “there is another action pending between the same parties for the same cause of action”. Certainly, it is clear that another action has been commenced between the same parties. And it further appears that the Supreme Court actions involve the same causes of action as are asserted by the respondents in their summary proceeding counterclaims. However, it has been consistently held that: “The summons and complaint should have been served in the other action, for only then can the court determine whether the other suit is for the ‘same cause’. The service of a summons alone in the other action does not ground [sic] a paragraph 4 motion. Louis R. Shapiro Inc. v. Milspemes Corp., 20 A.D. 2d 857 [1st Dept 1964]”. (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3211:14, p 20; emphasis added.)
*51 The court in Louis R. Shapiro, Inc. v Milspemes Corp. (20 AD2d 857, citing Hirsh v Manhattan Ry. Co., 84 App Div 374, 377-378) reasoned that “ ‘To constitute a pending action, it must appear that a pleading was served, which ought to obtain relief based upon the same facts as is thé action against which the plea is interposed. The mere service of the summons, although it was intended at the time to enforce the same rights upon the same facts, is insufficient to support the plea, as the party might, in his declaration, count upon an entirely different cause of action * * * [I]t is not permissible to show by oral proof what an action is for if the summons only was served.’ ”
And, in John J. Campagna Jr., Inc. v Dune Alpin Farm Assoc. (81 AD2d 633, 634 [2d Dept 1981]) the court stated: “Special Term correctly denied defendant’s motion to dismiss this action inasmuch as a prior action was not yet pending at the time the instant action was commenced. This is because a summons served with notice but without a complaint does not constitute ‘another action’ within the meaning of CPLR 3211 (subd [a], par 4)”.
Although there has been no complaint served by the respondents in the Supreme Court actions, I hold that the facts of this case warrant a departure from the general rule precluding a CPLR 3211 (a) (4) dismissal where a complaint has not yet been served.
First, in each of the answers interposed by the respondents in the summary proceedings for rent, each has alleged as an affirmative defense that a “Prior action is pending in the Supreme Court of the State of New York, County of New York.”
Further, the respondents have cross-moved herein pursuant to CPLR 2201 for an order staying this summary proceeding pending a determination in the Supreme Court action.
One fear occasioned by the court in Louis R. Shapiro, Inc. v Milspemes Corp. (supra) was that although it may appear at the time the summons is served that a party intends to enforce the same rights based upon the same facts in both actions, this intention may later change when the complaint is prepared and served, the result being reliance on an entirely different theory and set of facts in the other action. The likelihood of a change of theory occurring here however is extremely unlikely since the respondents have repeatedly indicated through the summons, their affirmative defenses, and their cross motions to stay the summary proceedings, that they intend to assert the same causes of action in their Supreme Court actions. Nor does it *52 appear that the respondents have any intention of abandoning the Supreme Court actions.
The above facts taken together establish that it is the respondents’ intention to move forward in the Supreme Court actions and assert the very same causes of action as are contained in their counterclaims in the Civil Court.
Notwithstanding their lack of service of a complaint in the Supreme Court actions, the respondents cannot oppose the petitioner’s motion to dismiss the counterclaims based on another action pending (CPLR 3211 [a] [4]) when they are simultaneously asserting by way of affirmative defenses and cross motions that there are indeed prior actions pending between the parties involving identical causes of action. It simply would be unfair to let the respondents continue to take such inconsistent positions only when it serves their purposes. Since they have elected to assert that the Supreme Court actions cover the same grounds and issues as their counterclaims in the summary proceedings, they cannot, when the cards are turned, argue there is not another action pending simply because they have not yet served their complaints in the Supreme Court actions. Accordingly, I grant petitioner’s motions made in the three proceedings to dismiss respondents’ counterclaims.
Respondents’ cross motions to stay the summary proceedings pending resolution of the Supreme Court actions are denied. First, the only actions in which the petitioner seeks to recover rent are in these summary proceedings in the Civil Court — the petitioner has not counterclaimed for rent in the Supreme Court actions. Moreover, this court, the Civil Court, is best prepared to try the matter with regard to rent in the summary proceedings commenced here. Respondents have failed to advance any convincing arguments in support of their applications to stay the summary proceedings.
Accordingly, the motions are granted and the cross motions are denied.