Michael STRANSKY, et al.

v.

AMERICAN ISUZU MOTORS, INC., et al.

Civ. A. No. 93–2027.

United States District Court, E.D. Pennsylvania.

May 25, 1993.

William R. Adams, Jr., Black and Adams, Philadelphia, PA, for plaintiffs.

Mary Grace Maley, Lavin, Coleman, Finarelli & Gray, Philadelphia, PA, for defendants.

## MEMORANDUM

BARTLE, District Judge.

This products liability action arises out of an accident involving an Isuzu Trooper. Defendants, American Isuzu Motors, Inc. and Isuzu Motors America, Inc. ("Isuzu"), removed the case to this Court from the Court of Common Pleas of Philadelphia County, Pennsylvania. Defendants filed their notice of removal after the plaintiffs filed a praecipe and writ of summons but before they filed a complaint. Presently before the Court is the motion of plaintiffs to remand the case on the ground that the jurisdictional amount under 28 U.S.C. § 1332[1] has not been satisfied.

28 U.S.C. § 1446(b), which governs the removal of cases, provides in pertinent part as follows:

> The notice of removal of a civil action or proceeding shall be filed within thirty days *after the receipt by the defendant,* through service or otherwise, *of a copy of the initial pleading* setting forth the claim for relief upon which such action or proceeding is based, *or* within thirty days *after the service of summons* upon the defendant *if such initial pleading has then been filed in court and is not required to be served on the defendant,* whichever period is shorter.

(emphasis added).

Civil actions in the Pennsylvania courts are initiated either by the filing of a complaint or by filing a praecipe for a writ of summons. Unlike a complaint, which sets forth substantial detail about the claim for relief, the writ of summons, which is served on a defendant, merely states, "You are notified that [name of plaintiffs] has (have) commenced an action against you." *See* Rules 1007 and 1351 of the

---

1. 28 U.S.C. § 1332(a) provides in pertinent part: The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $50,-000, exclusive of interest and costs ...

Pennsylvania Rules of Civil Procedure. Pennsylvania procedure allows a defendant, upon receipt of the writ of summons, to file a praecipe requiring the plaintiff to file a complaint. Failure of plaintiff to do so results in the entry of a judgment of non pros. *See* Rule 1037.

■ Until recently, this Court itself was divided as to whether the writ of summons constituted an initial pleading and under what circumstances the receipt of such a writ started the running of the thirty day removal period. *See Craig v. Lake Asbestos of Quebec, Ltd.,* 541 F.Supp. 182 (E.D.Pa.1982). *Compare Nero v. Amtrak,* 714 F.Supp. 753 (E.D.Pa.1989) and *Moore v. City of Philadelphia,* Civil Action No. 88–1424, 1988 WL 50382, 1988 U.S. District LEXIS 4339 (E.D.Pa., May 17, 1988).

Although it was not brought to the attention of the Court by either party, the Court of Appeals for this Circuit has now resolved the conflicting lines of authority on the question of when an obligation to act under § 1446(b) arises. In *Foster v. Mutual Fire, Marine & Inland Ins. Co.,* 986 F.2d 48, 54 (3d Cir.1993), the Court held that

§ 1446(b) requires defendants to file their Notices of Removal within thirty days after receiving a writ of summons, praecipe or complaint *which in themselves provide adequate notice of federal jurisdiction* ...

(emphasis added).

■ Defendants justify their prompt removal action based on conversations with opposing counsel, and their review of certain documentary information, which gave them "actual notice" of the amount in controversy so as to make the action removable. Alternately, they contend that the case's removability was apparent from the papers filed because those papers establish both diversity of citizenship and the requisite jurisdictional amount. The latter assertion is based on the fact that the "writ did not designate this case as an arbitration matter, which under the local Philadelphia Rules of Court certifies that the amount recoverable is $50,000.00 or less."

Whatever the law may have been previously, the sole question for this Court's determination under *Foster* is whether the praecipe and writ of summons in this case, which were originally filed in the Court of Common Pleas of Philadelphia County, establish federal jurisdiction on their face. As noted by defendants, diversity of citizenship is plainly shown. These papers, however, are silent on the question of whether the case is arbitratable under Philadelphia Court of Common Pleas practice.[2] No presumption exists under Pennsylvania rules that the case is above the arbitration limit. As a consequence it is immaterial whether the cutoff point for compulsory arbitration in Philadelphia is or is not $50,000 as represented by the defendants.[3] It is also immaterial what independent knowledge a defendant may have as to the size and nature of the case. Since the praecipe and writ of summons themselves do not show within their four corners the requisite federal jurisdictional amount in controversy, *Foster* establishes that the removal here was in error. The case will be remanded to the Court of Common Pleas of Philadelphia County, without prejudice.

---

2. Philadelphia Civil Rule *205.2(A)(8) requires that a plaintiff indicate on the first page of a complaint or other original filing whether the matter is subject to compulsory arbitration by stating in capital letters "THIS IS [OR IS NOT] AN ARBITRATION CASE." No such endorsement is set forth on the praecipe or summons filed in this case.

3. Defendants have cited no authority in support of their assertion that cases involving $50,000 or less are subject to compulsory arbitration in Philadelphia. 42 Pa.Cons.Stat.Ann. § 7361, however, was recently amended to provide that where the amount in controversy, exclusive of interest and costs, exceeds $50,000 such cases shall not be subject to compulsory arbitration in Philadelphia, a county of the first class. Philadelphia Civil Rule *1301, however, which assigns all cases involving $50,000 or less to compulsory arbitration is not effective until June 3, 1993. Until that date the cut off point for compulsory arbitration in Philadelphia remains at $20,000 or less, exclusive of interest and costs.