**MARIANNA IMPORTS, INC., Plaintiff,**

v.

**HELENE CURTIS, INC., Defendant.**

**No. 8:94CV319.**

United States District Court, D. Nebraska.

Sept. 1, 1994.

John Beehner, Omaha, NE, for plaintiff.

John Passarelli, Omaha, NE, Ralph J. Gabric, Gary M. Ropski, Chicago, IL, for defendant.

MEMORANDUM OPINION AND ORDER

CAMBRIDGE, District Judge.

THIS MATTER IS before the Court on the defendant's motion to dismiss, pursuant to Fed.R.Civ.P. 12(b)(1), (filing no. 3). The Court finds that the motion should be granted.

This is a declaratory judgment action brought by the plaintiff, Marianna Imports, Inc., regarding the infringement and validity of a United States patent, no. 5,260,054 ("the 054 patent"). The defendant, Helene Curtis, Inc., holds the patent, which relates to a permanent wave solution for permanently waving or reshaping human hair.

This action was filed on June 17, 1994. Helene Curtis had filed an action against Marianna for infringement of the 054 patent on March 16, 1994, in the District Court for the Northern District of Illinois. Helene Curtis did not serve Marianna with the complaint until June 21, 1994, one day after Marianna had served Helene Curtis with this complaint.

Helene Curtis argues that the "first to file" rule compels this Court to dismiss this action in favor of the action filed in Illinois. Marianna argues that this case falls within an exception to the first to file rule. Marianna asserts that considerations of justice and expediency require this Court to award priority to the second filed action and to the first served action. Helene Curtis contends that it did not serve Marianna immediately because it was hoping to settle the matter quickly and inexpensively. Helene Curtis asserts that it was in contact with Marianna's attorney between March and June and that Marianna was not prejudiced by the delay in service because Marianna knew about the suit and had even received a courtesy copy of the complaint.

■ The first filed rule is followed in the Eighth Circuit.

The well-established rule is that in cases of concurrent jurisdiction, 'the first court in which jurisdiction attaches has priority to consider the case.' This first-filed rule 'is not intended to be rigid, mechanical, or inflexible,' but is to be applied in a manner best serving the interests of justice. The prevailing standard is that 'in the absence of compelling circumstances' the first-filed rule should apply.

*Northwest Airlines, Inc. v. American Airlines, Inc.,* 989 F.2d 1002, 1005 (8th Cir.1993) (citations omitted). Compelling interests may be the availability and convenience of the witnesses, considerations relating to the real party in interest, the absence of personal jurisdiction over all of the necessary parties, or the possibility of consolidating related litigation. *Genentech, Inc. v. Eli Lilly & Co.,* 998 F.2d 931, 938 (Fed.Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1126, 127 L.Ed.2d 434 (1994).

■ Here, Marianna had notice of the action in Illinois. While Nebraska would be a more convenient forum for Marianna, Illinois is more convenient for Helene Curtis. Illinois will probably be the most convenient forum as many of the witnesses regarding the patent and its development are in Illinois. Marianna has not shown that it will suffer any undue burden if the case proceeds in Illinois. The action in Illinois is further developed than this case as discovery there has already commenced. Marianna complains that Helene Curtis's suit was filed to reserve venue in Illinois in case the settlement talks deteriorated. This may be true but it is not against the rules of civil procedure. In any event, Marianna's filing of this action was done for the same reason. Marianna's declaratory judgment action multiplies litigation and attempts to remove ongoing litigation from the forum chosen by Helene Curtis. After considering all of the relevant factors, the Court finds that this action should be dismissed.

IT IS ORDERED:

1. the defendant's motion to dismiss, (filing no. 3), is granted; and

2. this action is dismissed.