*923 OPINION OF THE COURT
Howard Spitz, J.
Motion by petitioner for an order granting petitioner leave to withdraw the petitions for guardianship previously filed in this court on September 21, 1995 is granted.
On September 21, 1995, after a decade of Family Court intervention via neglect proceedings, adjudications, extensions of placements and court-ordered supervision, the Westchester County Commissioner of Social Services (Petitioner) commenced a proceeding to terminate the parental rights of J. and S. O. in their six children. In the instant motion, the Petitioner now wishes to withdraw the six petitions because J. O. has been substantially complying with the order of fact finding and disposition entered on June 22, 1994. The Law Guardian opposes the motion.
It is a question of first impression as to whether or not a petition for guardianship of a dependent child brought pursuant to section 384-b of the Social Services Law may be discontinued or withdrawn. The court is mindful of the protracted Family Court litigation involving the O. family, and the severity of the respondent J. O.’s past behavior. The court is also cognizant of the clear legislative intent contained in both the Family Court Act and the Social Services Law to reunite and rehabilitate families, so that natural parents, if at all possible, may raise their children. These competing interests form the backdrop against which the court’s decision on this motion must be made.
Since neither the Family Court Act nor the Social Services Law contains a specific statutory provision concerning voluntary discontinuance, the court must apply CPLR provisions "to the extent that they are appropriate to the proceeding involved” (see, Family Ct Act § 165). CPLR 3217 governs voluntary discontinuances and gives the court broad discretion in determining motions to discontinue. Generally, discontinuance will not be granted if substantial rights have accrued or the adversary’s rights would be prejudiced thereby (see, Louis R. Shapiro, Inc. v Milspemes Corp., 20 AD2d 857). Obviously, neither respondent objects to the proposed withdrawal of the petitions. It is the children, through their Law Guardian, who arguably would be prejudiced by a withdrawal. In that regard, the Law Guardian carefully sets forth the unfortunate history of this case, and the special needs of each child. However, the court does not believe that these special needs outweigh the *924 statutory preference for family rehabilitation and reunification, especially in light of Mr. O.’s apparent improvement and recognition, albeit overdue, of his responsibilities as a parent. Moreover, the children are all in various foster care placements, namely specialized facilities, not preadoptive homes. Thus, no substantial rights, such as possible adoptions, have accrued.
Although many years passed without positive action by either Mr. or Mrs. O., indeed S. O. remains uninvolved with her children, the court cannot ignore the fact that J. O. is significantly moving in the right direction. The court is constrained to follow the statutory preference of family reunification notwithstanding serious concerns as to whether or not that objective can realistically be achieved. Whatever the catalyst may have been for Mr. O.’s turnaround, encouraging signs exist that perhaps after all these years, the children may finally be able to salvage a relationship with at least one of their parents.
Therefore, this court in its discretion, and in light of the recent developments, will not compel the Petitioner to go forward, since termination of parental rights is a drastic and final remedy. It is now up to Mr. O. to show once and for all that he can safely and properly parent his children. Obviously, a withdrawal of the petitions at this time is without prejudice to a future filing if respondent fails to continue his efforts.
Accordingly, the motion for leave to withdraw is granted.
Petitioner shall settle order.