**MED–TEC IOWA, INC., Clayton P. Korver II, Debra Korver, and Wayne Huisman, Plaintiffs,**

v.

**NOMOS CORPORATION and Med–Tec Acquisition, Inc., Defendants.**

No. C99–4031–MWB.

United States District Court, N.D. Iowa, Western Division.

Nov. 29, 1999.

Roger T. Stetson, Edward M. Mansfield, Belin Lamson McCormick Zumbach Flynn, Des Moines, IA, for Plaintiffs.

Sarah J. Kuehl, Heidman, Redmond, Fredregril, Patterson, Plaza & Dykstra LLP, Sioux, IA, Robert W. Doty, Jennifer M. Palmer, Cohen & Grigsby, PC, Pittsburg, PA, for Defendants.

## ORDER REGARDING DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO STAY PROCEEDINGS

BENNETT, District Judge.

TABLE OF CONTENTS

I. INTRODUCTION AND BACKGROUND....................................964
 A. Procedural Background ...........................................964
 B. Factual Background ..............................................965

II. LEGAL ANALYSIS .......................................................966
 A. Colorado River Doctrine .........................................966
 B. Application Of The First–Filed Rule .............................967
 1. The first-filed rule .......................................967
 2. Commencement of litigation.................................968
 3. Exceptions to the first-filed rule .........................970
 a. "Balance of convenience" exception ...................970
 b. The "compelling circumstances" exception ............971

III. CONCLUSION ...........................................................972

This motion raises the novel issue of what import a federal district court sitting in diversity jurisdiction must accord the filing of a praecipe for writ of summons, a procedure peculiar to Pennsylvania law, in applying the federal first-filed rule. The defendants to this lawsuit are Pennsylvania residents and, having filed a praecipe for writ of summons in a Pennsylvania state court, contend that they have won the race to the courthouse. Defendants seek the dismissal or stay of this lawsuit in favor of the Pennsylvania litigation. The plaintiffs in this case, on the other hand, are Iowa residents and seek to litigate the dispute between the parties here, in this forum, where they commenced litigation by filing a complaint with this court. Resolution of defendants' motion to dismiss, or alternatively, to stay, requires the court to examine both the *Colorado River* abstention doctrine and the first-filed rule.

## I. INTRODUCTION AND BACKGROUND

### A. Procedural Background

On April 27, 1999, plaintiffs Med–Tec Iowa, Inc., Clayton P. Korver II, Debra Korver and Wayne Huisman (collectively "Med–Tec" unless otherwise indicated) filed their complaint in this lawsuit against defendants Nomos Corporation and Med–Tec Acquisition, Inc. (collectively "Nomos" unless otherwise indicated). Subject matter jurisdiction is based on diversity of citizenship and sufficient amount in controversy. *See* 28 U.S.C. § 1332. In the complaint, Med–Tec seeks a declaratory judg-

ment, pursuant to 28 U.S.C. § 2201, that Med–Tec is entitled to retain a $3,000,-000.00 cash deposit made by Nomos in connection with an intended merger between Med–Tec and Nomos.

On June 28, 1999, Nomos filed its Motion To Dismiss, Or In The Alternative, To Stay Proceedings. In its motion, Nomos argues that the court should stay or dismiss this case pursuant to the *Colorado River* abstention doctrine. *See Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). In the alternative, Nomos contends that this case should be dismissed or transferred to the United States District Court for the Western District of Pennsylvania under the first-filed rule and 28 U.S.C. § 1404(a).

Med–Tec filed a timely resistance to Nomos' motion, asserting that the *Colorado River* abstention doctrine is inapplicable here because there is no ongoing state action. Med–Tec further contends that under the first-filed rule this litigation should proceed here because the first complaint was filed with this court.

The court heard telephonic oral arguments on Nomos' motion on November 23, 1999. At oral arguments, plaintiff Med–Tec was represented by Edward M. Mansfield of Belin Lamson McCormick Zumbach Flynn, Des Moines, Iowa. Defendant Nomos was represented by Robert Doty of Cohen & Grigsby, P.C., Pittsburgh, Pennsylvania.

The court turns first to the factual background of this case. The court then turns to the legal analysis of Nomos' Motion To Dismiss, Or In The Alternative, To Stay Proceedings.

### B. Factual Background

The factual background for disposition of these motions is based on the facts as alleged in Med–Tec's April 27, 1999, complaint, as well as undisputed facts drawn from the parties' supporting documents.

Plaintiff Med–Tec is an Iowa corporation with its principal place of business in Iowa. Plaintiffs Clayton Korver, Debra Korver, and Wayne Huisman are all residents and citizens of Iowa. Defendants Nomos and Med–Tec Acquisition are both Delaware corporations with their principal places of business in Pennsylvania.

On January 20, 1999, the parties entered into an Agreement and Plan of Merger ("the Agreement") under which Nomos would acquire Med–Tec Iowa, Inc. The Agreement provides, *inter alia*, as follows:

> 7.1 Certain Payments. On or before January 31, 1999, Parent or Acquisition shall pay $1,000,000.00 in cash to the Korver Stockholders (the "January Payment"). The parties hereto acknowledge and agree that in the event of any termination of this Agreement, or if for any other reason the Closing does not occur on or before March 31, 1999, the amounts paid by or on behalf of Parent or Acquisition to the Company and/or the Korver Stockholders prior to such date, including the $2,000,000.00 payment paid in November and the January Payment, shall remain the property of the Company or Korver Stockholders, as the case may be, and shall not be returnable or refundable for any reason to Parent or Acquisition or any other person.

The Agreement at ¶ 7.1. The Agreement contains a choice of law provision which provides that "the rights and obligations of all parties hereunder shall be construed in accordance with and governed by the internal laws of the State of Delaware, without giving effect to the conflict of law principles thereof."[1] The Agreement at ¶ 9.4.

On March 22, 1999, Nomos filed a praecipe for writ of summons in the Court of Common Pleas of Allegheny County in the Commonwealth of Pennsylvania. Service of the writ was completed by the delivery of certified mail to Med–Tec Iowa, Inc. on April 19, 1999, Wayne Huisman on April 20, 1999, and Debra J. Korver on April 22, 1999. Clayton Korver accepted service on May 21, 1999.

On April 27, 1999, Med–Tec filed its complaint in this lawsuit against Nomos ("the Iowa lawsuit"). On May 20, 1999, Nomos filed its complaint in the Court of Common Pleas of Allegheny County in the Commonwealth of Pennsylvania ("the Pennsylvania lawsuit"). In the Pennsylvania lawsuit, Nomos alleges that Med–Tec has wrongfully withheld $3,000,000.00 in cash deposits made pursuant to the Agreement. Nomos asserts claims of breach of contract and wrongful enrichment against Med–Tec and seeks to recover the $3,000,000.00 in cash deposits.

On June 7, 1999, Med–Tec removed the Pennsylvania lawsuit to the United States District Court for the Western District of Pennsylvania. On June 14, 1999, Med–Tec filed a motion to dismiss, stay, or transfer venue of the Pennsylvania lawsuit. On June 28, 1999, Nomos filed a motion to remand the Pennsylvania lawsuit to state court. On October 7, 1999, the Honorable William L. Standish, United States District Court Judge for the Western District of Pennsylvania, denied Nomos' motion to remand the Pennsylvania lawsuit to state court.

---

1. It is uncontested that certain ancillary agreements were governed by Pennsylvania law and Iowa law.

## II. LEGAL ANALYSIS

### A. Colorado River Doctrine

In their motion to stay or dismiss, Nomos contends that this court should dismiss this federal lawsuit in this case and require Med–Tec to pursue its claims in the Pennsylvania lawsuit. Nomos also suggests that the court stay this federal case pending resolution of the Pennsylvania action. Nomos initially bases its request for dismissal or stay of Med–Tec's pending federal action on the abstention doctrine set forth in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). "Generally, as between state and Federal courts, the rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the federal court having jurisdiction.'" *Id.* at 817, 96 S.Ct. 1236 (quoting *McClellan v. Carland*, 217 U.S. 268, 282, 30 S.Ct. 501, 54 L.Ed. 762 (1910)). In *Colorado River*, the Supreme Court identified several factors that counsel in favor of dismissal in situations involving the exercise of concurrent jurisdiction by federal and state courts, and promote the public interest in " '[w]ise judicial administration, ... conservation of judicial resources and comprehensive disposition of litigation.'" *Id.* at 817, 96 S.Ct. 1236 (quoting *Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co.*, 342 U.S. 180, 183, 72 S.Ct. 219, 96 L.Ed. 200 (1952)). From *Colorado River* and its progeny, six factors have emerged for the court to consider in determining whether to stay or dismiss a federal suit out of deference to parallel litigation brought in state court:

"(1) whether there is a res over which one court has established jurisdiction, (2) the inconvenience of the federal forum, (3) whether maintaining separate actions may result in piecemeal litigation, unless the relevant law would require piecemeal litigation and the federal court issue is easily severed, (4) which case has priority—not necessarily which case was filed first but a greater emphasis on the relative progress made in the cases, (5) whether state or federal law controls, especially favoring the exercise of jurisdiction where federal law controls, and (6) the adequacy of the state forum to protect the federal plaintiff's rights."

*Federated Rural Elec. Ins. Corp. v. Arkansas Elec. Cooperatives, Inc.*, 48 F.3d 294, 297 (8th Cir.1995) (quoting *United States Fidelity & Guar. Co. v. Murphy Oil USA*, 21 F.3d 259, 263 (8th Cir.1994)); *accord Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 13–26, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983); *Employers Ins. of Wausau v. Missouri Elec. Works, Inc.*, 23 F.3d 1372, 1374 (8th Cir. 1994); *Rivera–Puig v. Garcia–Rosario*, 983 F.2d 311, 320–21 (1st Cir.1992); *40235 Washington Street Corp. v. Lusardi*, 976 F.2d 587, 588 (9th Cir.1992); *American Bankers Ins. Co. of Florida v. First State Ins. Co.*, 891 F.2d 882, 884 (11th Cir.1990); *Noonan South, Inc. v. County of Volusia*, 841 F.2d 380, 381 (11th Cir.1988); *Fuller Co. v. Ramon I. Gil, Inc.*, 782 F.2d 306, 308 (1st Cir.1986); *Bergeron v. Estate of Loeb*, 777 F.2d 792, 798 (1st Cir.1985), *cert. denied sub nom. Loeb v. Bergeron*, 475 U.S. 1109, 106 S.Ct. 1517, 89 L.Ed.2d 915 (1986).[2]

■ Here, there is no longer any pending state court action involving the parties to this lawsuit. Judge Standish denied Nomos' motion to remand the Pennsylvania lawsuit to state court on October 7, 1999. Thus, both this case and the Pennsylvania lawsuit are now currently pending in federal court. As a result, the *Colorado*

2. In *Colorado River*, the Supreme Court identified four factors to be considered: (1) whether either court has assumed jurisdiction over a res, (2) the inconvenience of the federal forum, (3) the desirability of avoiding piecemeal litigation, and (4) the order in which the courts obtained jurisdiction. *Colo-* *rado River*, 424 U.S. at 818, 96 S.Ct. 1236. In *Moses H. Cone*, the Supreme Court added the following two factors: (5) whether state or federal law controls, and (6) the adequacy of the state forum to protect the parties' rights. *Moses H. Cone*, 460 U.S. at 23–26, 103 S.Ct. 927.

*River* abstention doctrine is inapplicable. *See Kirkbride v. Continental Cas. Co.,* 933 F.2d 729, 734 (9th Cir.1991) (finding Colorado River doctrine inapplicable because there was no concurrent or pending state court proceeding after case was removed to federal court); *Interstate Material Corp. v. City of Chicago,* 847 F.2d 1285, 1287 (7th Cir.1988) ("As an initial requirement, the concurrent state and federal court proceedings must be parallel. If they are not, the *Colorado River* doctrine is inapplicable."); *Crawley v. Hamilton County Comm'rs,* 744 F.2d 28, 31 (6th Cir.1984) ("A necessary requirement for application of this *Colorado River* doctrine, however, is the presence of a parallel, state proceeding."). Therefore, this portion of Nomos' Motion To Dismiss, Or In The Alternative, To Stay Proceedings is denied.

### B. Application Of The First–Filed Rule

This court has previously discussed the "first-filed rule" and the exceptions to it. *See MidAmerican Energy Co. v. Coastal Gas Marketing Co.,* 33 F.Supp.2d 787, 790 (N.D.Iowa 1998) (entertaining the second-filed action); *Terra Int'l, Inc. v. Mississippi Chem. Corp.,* 922 F.Supp. 1334, 1345–54 (N.D.Iowa 1996) (entertaining the first-filed action), *aff'd,* 119 F.3d 688 (8th Cir. 1997), *cert. denied,* 522 U.S. 1029, 118 S.Ct. 629, 139 L.Ed.2d 609 (1997); *Brower v. Flint Ink Corp.,* 865 F.Supp. 564, 567–73 (N.D.Iowa 1994) (entertaining the second-filed action). The disagreement here is centered on what lawsuit was commenced first. In addition, the parties disagree on whether one of the first-filed rule's exceptions is applicable to the circumstances of this case. Before turning to an analysis of the parties' disputes, the court will provide an overview of the first-filed rule.

### 1. The first-filed rule

 The Eighth Circuit Court of Appeals has recognized the first-filed rule as follows:

The well-established rule is that in cases of concurrent jurisdiction, "the first court in which jurisdiction attaches has priority to consider the case." *Orthmann v. Apple River Campground Inc.,* 765 F.2d 119, 121 (8th Cir.1985). This first-filed rule "is not intended to be rigid, mechanical, or inflexible," *Orthmann,* 765 F.2d at 121, but is to be applied in a manner best serving the interests of justice. The prevailing standard is that "in the absence of compelling circumstances," *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu,* 675 F.2d 1169, 1174 (11th Cir.1982), the first-filed rule should apply.

*Northwest Airlines v. American Airlines,* 989 F.2d 1002, 1005 (8th Cir.1993) (quoting *United States Fire Ins. Co. v. Goodyear Tire & Rubber Co.,* 920 F.2d 487, 488–89 (8th Cir.1990)); *see Keymer v. Management Recruiters International, Inc.,* 169 F.3d 501, 503 n. 2 (9th Cir.1999) (stating this rule and citing *Northwest Airlines*); *Midwest Motor Express, Inc. v. Central States Southeast and Southwest Areas Pension Fund,* 70 F.3d 1014, 1017 (8th Cir.1995) (same); *Boatmen's First Nat'l Bank of Kansas City v. Kansas Pub. Employees Retirement Sys.,* 57 F.3d 638, 641 (8th Cir.1995) (same). Thus, the first-filed rule " 'gives priority, for purposes of choosing among possible venues when parallel litigation has been instituted in separate courts, to the party who first establishes jurisdiction.' " *Midwest Motor Express,* 70 F.3d at 1017 (quoting *Northwest Airlines,* 989 F.2d at 1006); *accord Keymer,* 169 F.3d at 503 n. 2 ("The first-filed rule gives priority, when parallel litigation has been instituted in separate courts, to the party who first establishes jurisdiction in order to conserve judicial resources and avoid conflicting rulings."); *Anheuser–Busch, Inc. v. Supreme Int'l Corp.,* 167 F.3d 417, 419 (8th Cir.1999) ("The well-established rule is that in cases of concurrent jurisdiction, 'the first court in which jurisdiction attaches has priority to consider the case.' ") (quoting *United States Fire Ins. Co. v. Goodyear Tire & Rubber Co.,* 920 F.2d 487, 488 (8th Cir. 1990)) (quoting intern *Orthmann v. Apple River Campground Inc.,* 765 F.2d 119, 121

(8th Cir.1985)).[3] The first-filed rule has the benefit of being a

> relatively firm rule that, while providing for the exceptional case, avoids in the main the need for ad hoc balancing of innumerable factors on a case-by-case basis [and therefore] is both more predictable for litigants—yielding more speedy, less expensive adjudication—and more easily applied by the courts—preserving scarce judicial resources. These are proper considerations that are consistent with the interests of justice.

*Berisford Capital Corp. v. Central States, Southeast & Southwest Areas Pension Fund,* 677 F.Supp. 220 (S.D.N.Y.1988); *see also Brower,* 865 F.Supp. at 567 (quoting *Berisford Capital*). Application of the first-filed rule is subject to review for abuse of discretion. *Northwest Airlines,* 989 F.2d at 1005; *Goodyear,* 920 F.2d at 489; *Minnesota Mining & Mfg. Co. v. Rynne,* 661 F.2d 722, 724 (8th Cir.1981) (per curiam).

### 2. Commencement of litigation

As was noted above, the disagreement in this litigation centers on the parties' dispute over which lawsuit was commenced first. Med–Tec asserts that it commenced the Iowa lawsuit first when it filed its complaint with this court on April 27, 1999. Nomos, on the other hand, contends that it commenced the Pennsylvania lawsuit first when it filed a praecipe for writ of summons in the Court of Common Pleas of Allegheny County in the Commonwealth of Pennsylvania on March 22, 1999, and not, as Med–Tec asserts, when it filed its complaint in the Pennsylvania state court on May 20, 1999. Therefore, in order to determine which of the parties won the race to the courthouse here, the court must ascertain the effect of filing a praecipe for writ of summons with a Pennsylvania state court.

■■■ Where a case originates in state court, as the Pennsylvania lawsuit did, but is later removed to federal court, the state rule controls the question of commencement. *See Winkels v. George A. Hormel & Co.,* 874 F.2d 567, 570 (8th Cir.1989). A civil suit may be commenced in a Pennsylvania state court by filing with the prothonotary either of two documents: (i) a praecipe for a writ of summons; or (ii) a complaint.[4] PA.R.CIV.P. 1007; *see Frazier*

---

**3.** The phrase "the first court in which jurisdiction attaches" has not been defined by the Eighth Circuit Court of Appeals. The Eighth Circuit Court of Appeals first employed the phrase in *Orthmann,* 765 F.2d at 120. In *Orthmann,* the court of appeals cited to the Tenth Circuit Court of Appeals' decision in *Hospah Coal Co. v. Chaco Energy Co.,* 673 F.2d 1161, 1163 (10th Cir.), *cert. denied,* 456 U.S. 1007, 102 S.Ct. 2299, 73 L.Ed.2d 1302 (1982). In *Hospah Coal Company,* Chaco Energy Company ("Chaco") and Texas Utilities Company ("TUC"), filed suit in Texas federal court naming as defendants, Santa Fe Industries, Inc. ("SFI"), the Atchison, Topeka and Santa Fe Railway Co. ("SFR") and Santa Fe Mining, Inc. ("SFM"). Three days later, SFI, SFR, SFM and Hospah Coal Company ("Hospah") filed a declaratory judgment action in the New Mexico federal court, naming TUC and Chaco as defendants. *Id.* Chaco contended that the Texas court obtained jurisdiction first because the complaint was filed in that court prior to the filing of the complaint in the New Mexico court. Hospah, SFI, SFR, and SFM responded that because service of process was accomplished first in the New Mexico action, jurisdiction attached first in the New Mexico court. Agreeing with Chaco's argument, the Tenth Circuit Court of Appeals reasoned that:

> This circuit has adopted the rule announced in *Barber–Greene Company v. Blaw–Knox Company,* 239 F.2d 774, 778 (6th Cir.1957) that, "in both in rem and in personam actions, jurisdiction relates back to the filing of the complaint." *Accord, Product Engineering and Manufacturing, Inc. v. Barnes,* 424 F.2d 42 (10th Cir.1970). The rule that jurisdiction relates back to the filing of the complaint gives effect to Fed. Rules Civ.Proc. Rule 3, 28 U.S.C.A., which provides that, "(a) civil action is commenced by filing a complaint with the court." Accordingly we must hold that jurisdiction over the parties and issues herein attached first in the Texas district court.

*Id.* Thus, the court concludes that "the first court in which jurisdiction attaches" means the first court in which a civil action is properly commenced.

**4.** The praecipe for writ of summons merely requires notice that the plaintiff has commenced a lawsuit against the defendant. PA. R.CIV.P. 1351; *see Stransky,* 821 F.Supp. at

*v. City of Philadelphia,* 927 F.Supp. 881, 883 (E.D.Pa.1996) ("Under Pennsylvania law, filing a praecipe for a writ of summons is sufficient to commence a civil action."); *Stransky v. American Isuzu Motors, Inc.,* 821 F.Supp. 1103, 1103 (E.D.Pa. 1993) ("Civil actions in the Pennsylvania courts are initiated either by the filing of a complaint or by filing a praecipe for a writ of summons."); *Ehrhardt v. Costello,* 437 Pa. 556, 264 A.2d 620, 621 (1970) (holding that "the filing of such praecipe, irrespective of whether the Prothonotary issued the writ or the Sheriff served it, constituted the 'commencement' of an action under PA.R.CIV.P. 1007(1)"); *Watts v. Owens–Corning Fiberglas Corp.,* 353 Pa.Super. 267, 509 A.2d 1268, 1269 (1986) ("PA.R.CIV.P. No. 1007 provides that a civil action may be commenced by filing with the Prothonotary a praecipe for a writ of summons."), *appeal denied,* 514 Pa. 632, 522 A.2d 559 (1987); *Robinson v. Trenton Dressed Poultry Co.,* 344 Pa.Super. 545, 496 A.2d 1240, 1243 (1985) (noting that the "filing of the Praecipe for Issuance of a Writ of Summons clearly constituted the 'commencement' of an action under PA.R.CIV.P. 1007(1)."); *Anderson v. Bernhard Realty Sales Co., Inc.* 230 Pa.Super. 21, 329 A.2d 852, 854 (1974) (quoting Rule 1007 and holding that the statute of limitations is tolled by the filing of a praecipe for a writ of summons); *Donahey v. Mattox,* 228 Pa.Super. 8, 323 A.2d 167, 168 (1974) ("Generally, the filing of a praecipe,

irrespective of whether the prothonotary issues the writ or the sheriff serves it, commences an action under PA.R.CIV.P. 1007.").[5] Thus, the court concludes that Nomos commenced the Pennsylvania lawsuit first. This conclusion, however, does not end the court's analysis here.

Med–Tec asserts that the first-filed rule should be restricted to those initial pleadings which provide defendants with notice of the plaintiffs' claims and allow for a responsive pleading or motion to be filed. Med–Tec further argues that Nomos' filing of a praecipe for writ of summons would not qualify as a proper initial pleading because it did not provide Med–Tec with notice of Nomos' claims nor did it allow Med–Tec to file a responsive pleading or motion to it. In support of its thesis, Med–Tec directs the court to a line of New York state court cases which hold that under New York law a summons served with notice but without a complaint does not constitute "another action" within the meaning of N.Y.C.P.L.R. 3211(a)(4).[6] *See Shapiro, Inc. v. Milspemes Corp.,* 20 A.D.2d 857, 248 N.Y.S.2d 85, 86 (1964). The flaw here is that this line of authorities addresses neither the federal first-filed rule nor the effect of filing a praecipe for writ of summons in a Pennsylvania state court.[7] Moreover, the rationale for the New York rule, that a party may change the theory of the case when the complaint is served, *see id.,* has no applica-

---

1103. It therefore differs from a complaint which sets forth in some detail the claim for relief. PA.R.CIV P. 1019; *see Stransky,* 821 F.Supp. at 1103.

**5.** Rule 1007 provides that:

An action may be commenced by filing with the prothonotary
(1) a praecipe for a writ of summons, or
(2) a complaint.
PA.R.CIV.P. 1007.

**6.** Rule 3211(a)(4) provides that

(a) Motion to dismiss cause of action. A party may move for judgment dismissing one or more causes of action asserted against him on the ground that:
...

4. there is another action pending between the same parties for the same cause of action in a court of any state or the United States; the court need not dismiss upon this ground but may make such order as justice requires ...
N.Y.C.P.L.R. 3211(a)(4).

**7.** The rationale for the New York rule is that a party may change the theory of the case before the complaint is served. *See Kevorkian v. Harrington,* 158 Misc.2d 464, 601 N.Y.S.2d 522, 524 (N.Y.Sup.Ct.1993). Underpinning this rationale is the rule that New York courts may not look to extrinsic facts to determine the nature of the action when only a summons with notice has been served. *Id.* Such a limitation is not present in this federal action. As a result, the justification for the New York rule is irrelevant here.

tion here where the praecipe for writ of summons does not state a claim for relief.

Med–Tec also asserts that permitting the filing of a praecipe for writ of summons to constitute the initial filing for the purposes of the first-filed rule gives an unfair advantage to the residents of Pennsylvania. The court disagrees and concludes that the availability of filing a praecipe for writ of summons merely provides parties with an alternative means to commencing a lawsuit under Pennsylvania law. The filing of a praecipe for writ of summons does not give a plaintiff using this device any advantage in the race to the courthouse over a plaintiff filing a complaint. For example, Nomos could have elected to have filed a complaint on March 22, 1999, rather than a praecipe for writ of summons. While it is true, as Med–Tec asserts, that a party filing a praecipe for writ of summons need not serve the praecipe for writ of summons immediately upon the defendants, the same holds true for plaintiffs filing complaints under the Federal Rules of Civil Procedure. It is also true, as Med–Tec asserts, that the filing of a praecipe for writ of summons does not provide notice of the plaintiff's claims to the named defendant. However, a complaint does not provide notice of the plaintiff's claims until it is actually served on the defendant. The significance of this point is that courts have not looked to the date service of the complaint was made in determining when jurisdiction attaches for the purposes of the first-filed rule. Instead, courts have long held that jurisdiction attaches upon the filing of the complaint and not the service of it. *See Barber–Greene Co. v. Blaw–Knox Co.*, 239 F.2d 774, 778 (6th Cir.1957) (Potter Stewart, J.); *see also Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 96 n. 3 (9th Cir.1982); *Hospah Coal Co.*, 673 F.2d at 1163; *Product Eng'g and Mfg., Inc. v. Barnes*, 424 F.2d 42, 44 (10th Cir.1970); *Fat Possum Records, Ltd. v. Capricorn Records, Inc.*, 909 F.Supp. 442, 445 (N.D.Miss.1995); *Marianna Imports, Inc. v. Helene Curtis, Inc.*, 873 F.Supp. 308, 309 (D.Neb.1994);

*Peregrine Corp. v. Peregrine Indus., Inc.*, 769 F.Supp. 169, 172 (E.D.Pa.1991); *American Modern Home, Ins. v. Insured Accounts Co., Inc.*, 704 F.Supp. 128, 129 (S.D.Ohio 1988). Therefore, although a close question, the court concludes that the Pennsylvania state court was the first court in which jurisdiction attached and therefore had priority to consider the dispute between the parties to this case. *See Anheuser–Busch*, 167 F.3d at 419 n. 2; *Northwest Airlines*, 989 F.2d at 1005; *Goodyear Tire & Rubber Co.*, 920 F.2d at 488; *Orthmann*, 765 F.2d at 121.

Med–Tec further asserts that an exception to the application of the first-filed rule in this case requires denial of Nomos' motion to stay or transfer. The court will therefore turn to consideration of whether any exception arises in the circumstances of these two lawsuits to preclude application of the first-filed rule.

### 3. Exceptions to the first-filed rule

#### a. "Balance of convenience" exception

As this court previously observed in *MidAmerican Energy*, *Terra* and *Brower*, courts have, in considering whether or not to allow a second-filed action to proceed, sometimes entertained an analogy to 28 U.S.C. § 1404(a) to identify factors in a "balance of convenience" to the parties, either before or in addition to considering other special or compelling circumstances in the "first-filed" analysis. *See Terra Int'l, Inc.*, 922 F.Supp. at 1348–50; *see also Midamerican Energy*, 33 F.Supp.2d at 791–94; *Brower*, 865 F.Supp. at 567–68. In *Terra*, this court noted that consideration of such factors was consistent with the directive of the Eighth Circuit Court of Appeals that the first-filed rule " 'yields to the interests of justice.' " *Terra Int'l, Inc.*, 922 F.Supp. at 1348. In *MidAmerican Energy*, this court also summarized some of the pertinent factors in a "balance of convenience" analysis as including the following:

whether the forum to which transfer is sought is one in which the action 'might

have been brought,' 28 U.S.C. § 1404(a); the balance of convenience of parties and witnesses, noting that a transfer that merely shifts the inconvenience from one party to the other need not be granted; location of documentary evidence; place in which the conduct complained of occurred; which forum's substantive law applies; the interests of justice; and other relevant factors.

*MidAmerican Energy Co.*, 33 F.Supp.2d at 792 (citing *Terra Int'l, Inc.*, 922 F.Supp. at 1358–65). Here, the court is unpersuaded that Nomos has shown that the balance of convenience necessarily favors the Pennsylvania forum, nor is it apparent that the inconvenience of that forum to Med–Tec is sufficient to overcome Nomos' filing first in Pennsylvania. Nomos and Med–Tec have filed their respective lawsuits in forums where their respective principal places of business are located. As a result, any transfer in this case would merely shift the inconvenience from one party to the other. Therefore, because this court finds the balance of convenience to be in equipoise, the "balance of convenience" exception is inapplicable in this litigation. The court turns next to an analysis of whether the first "compelling circumstance" exception to the first-filed rule is applicable here.

### b. The "compelling circumstances" exception

In *MidAmerican Energy*, this court observed that:

> As the Eighth Circuit Court of Appeals has stated, the first-filed rule is not to be "mechanically" applied, *Boatmen's First Nat'l Bank*, 57 F.3d at 641; *Northwest Airlines*, 989 F.2d at 1005; *Orthmann*, 765 F.2d at 121, but should give way to "compelling circumstances" requiring a result different from that obtained by applying the rule. *See, e.g.*, *Midwest Motor Express*, 70 F.3d at 1017; *Boatmen's First Nat'l Bank*, 57 F.3d at 641; *Northwest Airlines*, 989 F.2d at 1005 ("The rule . . . yields to the interests of justice, and will not be applied where a court finds 'compelling

circumstances' supporting its abrogation."); *Goodyear*, 920 F.2d at 488–89; *accord Trippe Mfg. Co. v. American Power Conversion Corp.*, 46 F.3d 624, 629 (7th Cir.1995) ("This circuit does not rigidly adhere to a 'first-to-file' rule," and finding the rule could be overcome by the district court's inherent power to control its docket and a decision to defer to the court of second filing was therefore proper).

*MidAmerican Energy Co.*, 33 F.Supp.2d at 792. This court went on to revisit its previous discussion, in *Brower*, where it categorized and synthesized from prior decisions what constitutes "compelling circumstances" for disregarding the first-filed rule. This court concluded that:

> "[t]he Eighth Circuit Court of Appeals has . . . recognized two specific factual circumstances in which it will find an exception to the "first-filed rule" and allow the second suit to continue: (1) where the plaintiff in the first-filed action was able to file first only because it had misled the filer of the second-filed action as to its intentions regarding filing suit in order to gain the advantages of filing first; and (2) where the second-filed action is a continuation of a legal process already begun in that court even though another action concerning the same issues has been filed in between in another court and is therefore ostensibly the first-filed action."

*MidAmerican Energy Co.*, 33 F.Supp.2d at 792 (quoting *Brower*, 865 F.Supp. at 569).

Here, although Med–Tec relies upon the "compelling circumstances" exception to application of the first-filed rule, Med–Tec makes no specific allegations that it was "misled" by Nomos regarding its intentions to file suit seeking return of the $3,000,000.00 in cash deposits it made pursuant to the Agreement. Therefore, the court finds that Med–Tec cannot avail itself of the first "compelling circumstance" exception to the first-filed rule identified in *Brower, see Brower*, 865 F.Supp. at 569;

accord, MidAmerican Energy Co., 33 F.Supp.2d at 792, because Nomos did not actively mislead Med–Tec about its intention to file suit in Pennsylvania. Nor is there any evidence that this case is a continuation of a prior action in the second-filed forum so that the intervening lawsuit is only ostensibly the first one filed. See Brower, 865 F.Supp. at 569.

As this court noted in MidAmerican Energy, the Eighth Circuit Court of Appeals has also recognized two factors that "send up red flags that there may be compelling circumstances." Northwest 989 F.2d at 1007. Those "red flags" are:

> first, that the "first" suit was filed after the other party gave notice of its intention to sue; and, second, that the action was for declaratory judgment rather than for damages or equitable relief.

Boatmen's First Nat'l Bank, 57 F.3d at 641 (citing Northwest Airlines, 989 F.2d at 1007); accord Anheuser–Busch, Inc., 167 F.3d at 419 (citing Northwest Airlines, 989 F.2d at 1007). Here, however, neither of the "red flags" mentioned in Northwest Airlines are presented in this case. At the time Nomos filed its praecipe for writ of summons with the Pennsylvania state court, Med–Tec had not made known its intention to seek a declaratory judgment regarding the $3,000,000.00 payment made by Nomos pursuant to the Agreement. Moreover, the Pennsylvania lawsuit is not one for declaratory judgment but one seeking the return of the $3,000,000.00. Therefore, the court concludes that there are no compelling circumstances here on which to base an exception to the first-filed rule. The court will defer to the first-filed Pennsylvania lawsuit.

The court therefore grants defendant Nomos' Motion To Dismiss, Or In The Alternative, To Stay Proceedings, and dismisses this action in deference to the first-filed Pennsylvania action.

### III. CONCLUSION

Initially, the court concludes that there is no longer any pending state court action involving the parties to this lawsuit. Because both this case and the Pennsylvania lawsuit are now currently pending in federal court, the Colorado River abstention doctrine is inapplicable and does not provide a basis for dismissing or staying this lawsuit. The court next concludes that application of the "first-filed rule" is appropriate in the circumstances presented here. The court finds that the "balance of convenience" exception is inapplicable here. The court further concludes that no "compelling circumstances" have been presented here which require an exception to the "first-filed rule." **The court therefore grants defendant Nomos' Motion To Dismiss, Or In The Alternative, To Stay Proceedings, and dismisses this case in favor of the first-filed Pennsylvania lawsuit.**

IT IS SO ORDERED.