212 F.Supp.2d 1101 (2002)
MONSANTO TECHNOLOGY LLC and Monsanto Company, Plaintiffs,
v.
SYNGENTA CROP PROTECTION, INC., Defendant.
No. 402CV538DJS.
United States District Court, E.D. Missouri, Eastern Division.
July 30, 2002.
Jeanine R. Bermel, Thomas J. DeGrott, Joseph P. Conran, Husch and Eppenberge, LLC, St. Louis, MO, for plaintiffs.
*1102 Glenn E. Davis, John H. Quinn, III, Jeffrey H. Kass, Armstrong Teasdale, LLP, St. Louis, MO, Michelle Mancino Marsh, Edward J. Handler, III, Joseph F. Nicholson, Kenyon and Kenyon, New York City, for defendant.

ORDER
STOHR, District Judge.
This matter comes before the Court on the motion to transfer or, in the alternative, to dismiss or stay [Doc. # 12], which was filed by defendant Syngenta Crop Protection, Inc. ("Syngenta"). Syngenta seeks the transfer of this case to the United States District Court for the District of Delaware, asserting that it has filed an earlier, related case against plaintiff Monsanto Company in that district.
Plaintiffs manufacture and sell glyphosate-based herbicides, including Roundup Ultra® and Roundup UltraMAX®, for agricultural use on Roundup Ready® crops, which are tolerant of the application of certain glyphosate-based herbicides. Monsanto Company is a Delaware corporation, and Monsanto Technology LLC is a Delaware limited liability company. Both plaintiffs have their principal places of business in Missouri. Syngenta, a competitor of plaintiffs, manufactures and sells glyphosate-based herbicides under the Touchdown® brand name. Syngenta is a Delaware corporation with its principal place of business in North Carolina.
On April 15, 2002, plaintiffs filed the instant case against Syngenta under federal and Missouri law for false advertising, product disparagement, trade libel, injurious falsehood, unfair competition, and trademark infringement. Plaintiffs cite in their complaint to Syngenta's Touchdown®-brand herbicides advertising and promotional campaigns since the year 2000, which allegedly have contained, inter alia, various false and misleading statements related to the use and the comparative efficacy of Roundup® products and Touchdown® products. In Syngenta's Delaware action, filed March 11, 2002, Syngenta's allegations against Monsanto Company under federal and Delaware law include false advertising, trademark infringement, unfair competition, product disparagement and trade libel, deceptive trade practices, and tortious interference with prospective economic advantage. In support, Syngenta cites to Monsanto Company's Roundup®-brand herbicides advertising and promotional campaigns since February 2001, which allegedly have contained, inter alia, various false and misleading statements related to the use and the comparative efficacy of Roundup® products and Touchdown® products.
Syngenta asserts that the case should be transferred pursuant to the "first-filed rule," a rule which is premised on federal comity. Under the first-filed rule, a district court has the discretion to transfer a case if an earlier-filed, related case involving the same parties and issues was filed in a different district. See, e.g., Orthmann v. Apple River Campground, Inc., 765 F.2d 119, 121 (8th Cir. 1985)("[W]here two courts have concurrent jurisdiction, the first court in which jurisdiction attaches has priority to consider the case."). "To conserve judicial resources and avoid conflicting rulings, the first-filed rule gives priority, for purposes of choosing among possible venues when parallel litigation has been instituted in separate courts, to the party who first establishes jurisdiction." Northwest Airlines, Inc. v. American Airlines, Inc., 989 F.2d 1002, 1006 (8th Cir.1993). "The rule is not intended to be rigid, mechanical, or inflexible, but should be applied in a manner serving sound judicial administration." Orthmann, 765 F.2d at 121 (citation omitted). The first-filed rule applies in the absence of compelling circumstances. See *1103 id. (citation omitted). The two cases do not have to be identical but must have issues that substantially overlap. See, e.g., Hunter Engineering Co. v. IDSC Holdings, Inc., 4:00CV1374-FRB, at *3-4 (E.D.Mo. November 9, 2000)("[I]n order to transfer a case under § 1404(a), the subject matter need not be identical, only similar.") (citations omitted); AT & T Co. v. MCI Communications Corp., 736 F.Supp. 1294 (D.N.J.1990)(finding significant overlap between two related lawsuits concerning the respective advertising and promotional activities of the parties such that case transfer was warranted).
Syngenta asserts that there is an "obvious, fundamental, and inevitable overlap between the two cases, namely proof of how these competing herbicides work and whether there is data to support claims involving them." Reply, p. 1. Plaintiffs assert that the first-filed rule is inapplicable because the cases involve "two clearly separate and distinct controversies." Memo. in Opp., p. 5 (emphasis omitted). However, plaintiffs do state that the "one and only potential area of true overlap between the Missouri and Delaware actions is a comparison of the weed control performance of each party's respective herbicide products." Memo. in Opp., p. 7 (emphasis omitted).
The parties dispute how much duplication of discovery, documentary evidence (including financial data, consumer survey evidence, and scientific studies), and witness testimony will take place if the two cases proceed in separate districts. After careful consideration of the respective complaints, the Court finds substantial overlap between the cases regarding the herbicides' comparative performance and efficacy and the supporting scientific evidence such that significant duplication is likely. In addition, despite plaintiffs' argument to the contrary, the Court finds that there is a serious danger of the two district courts making inconsistent determinations on material issues, notably regarding the comparative efficacy of the respective products and the similar remedies sought by the parties, including both parties' requests for the implementation of corrective advertising as equitable relief. The Court agrees with Syngenta's assessment that, "if both courts order corrective advertising, there is a risk that such advertising could negate or be inconsistent with one another in the public's eye, thus providing no benefit or remedy to either party." Memo. in Opp., p. 7. See also AT & T, 736 F.Supp. at 1311 ("[T]o develop and implement such a plan would require consideration of the extent to which the prevailing party was also guilty of disseminating false or misleading information.").
Furthermore, issues from the related lawsuits are contemplated and/or will be contemplated in affirmative defenses raised by the parties. In the Delaware action, Monsanto Company asserts an affirmative defense of "unclean hands" that may involve some or all of plaintiffs' claims in the instant case. Exh. 1B of Memo. in Support, Monsanto Company's Fifth Affirmative Defense, Case No. 02-174-SLR (D.Del). Additionally, Syngenta asserts that it anticipates raising an unclean hands defense in the Missouri action:
Syngenta will answer Monsanto's complaint with a vigorous defense, including a stern indictment of Monsanto's advertising practices  all of which is presently being adjudicated in the Delaware Action. In particular, Syngenta will likely introduce Monsanto's ad campaign in a defense of unclean hands, i.e., that Monsanto's use of false, misleading and confusing statements about Syngenta's products precludes Monsanto from any equitable relief.
Exh. 2 of Reply, Zellinger Aff. ¶ 8. See also Exh. 1B of Memo. in Support, Monsanto *1104 Company's Answer ¶ 36 and Fifteenth Affirmative Defense, Case No. 02-174-SLR (D.Del)(raising issues in Delaware action related to Syngenta's advertising and promotional materials). In addition, the parties' profit and loss data and related testimony will be necessary for both lawsuits. The Court holds that the first-filed rule is applicable to this case.
Both parties have cited to case law from the Northern District of Iowa that there is a balance of convenience exception to the first-filed rule, which is analogized to the convenience factors under 28 U.S.C. § 1404(a).[1]See, e.g., Med-Tec Iowa, Inc. v. Nomos Corp., 76 F.Supp.2d 962, 970-71 (N.D.Iowa 1999). The Court will assume without deciding that the exception exists and notes that § 1404(a) involves consideration of the convenience to the parties and witnesses and of the interests of justice, as well as consideration of all other relevant factors. See Terra International, Inc. v. Mississippi Chemical Corp., 119 F.3d 688, 691 (8th Cir.), cert. denied, 522 U.S. 1029, 118 S.Ct. 629, 139 L.Ed.2d 609 (1997).
To begin, Missouri is plaintiffs' choice of forum. Plaintiffs' principal places of business are in Missouri, although all parties are organized under the laws of Delaware and can reasonably expect to sue and be sued there. In fact, plaintiffs have initiated several past lawsuits in Delaware. See Exh. 2 of Memo. in Supp. In addition, the parties do not dispute that the District of Delaware would have jurisdiction over the parties and subject matter of the instant case and that venue would be proper. While the Court acknowledges that the Eastern District of Missouri is more convenient for plaintiffs' witnesses who regularly work at plaintiffs' corporate headquarters, this convenience must be counterbalanced against the significant likelihood that, absent transfer, many witnesses will be inconvenienced by travel to two different fora to testify regarding the same issues. This same reasoning applies to the duplication of documents that are located at plaintiffs' corporate headquarters.
Additionally, Syngenta asserts that some of its witnesses and documents are located at its corporate headquarters in Delaware and that Delaware is closer and more convenient than Missouri to Syngenta's witnesses located in North Carolina. Other witnesses and documents are located outside of both Missouri and Delaware, including those from universities and agricultural research facilities. See Exh. 2 of Reply, Zellinger Aff. ¶¶ 13-14. Further, the Court finds no reason to question the District of Delaware's ability to apply Missouri law and, given that a national advertising campaign is at issue in the Missouri case, the Court is not persuaded by plaintiffs' argument that the instant case impacts on Missouri and the local economy to the extent that, in light of the issues discussed herein, transfer of this case would not be justified. The Court notes the significant waste of judicial resources that would be expended by litigating the same issues in two courts as well as the serious risk of inconsistent and contrary rulings. After balancing the convenience factors argued by the parties, the balance does not weigh heavily in either party's favor and does not prevent the application of the first-filed rule.
Accordingly, for the foregoing reasons,
IT IS HEREBY ORDERED that defendant Syngenta Crop Protection, Inc.'s motion to transfer [Doc. # 12-1] is granted.
*1105 IT IS FURTHER ORDERED that defendant Syngenta Crop Protection, Inc.'s motion to dismiss or stay [Doc. # 12-2/# 12-3] is denied.
IT IS FURTHER ORDERED that this case is transferred to the United States District Court for the District of Delaware.
NOTES
[1] "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).